**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-44595 |
| AGRI-BEST HOLDINGS, LLC, | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Date:   February 2, 2011 |
| Debtor. | ) | Hearing Time:   9:30 a.m. |
| | ) | |

**NOTICE OF FILING**

**TO:**   Attached Service List

**PLEASE TAKE NOTICE** that on the **2nd day of February, 2011 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Eugene R. Wedoff,** in Courtroom 744, Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois and shall present the **First and Final Fee Application of Gaido & Fintzel for Allowance and Payment of Compensation and Reimbursement of Expenses**, a copy of which is attached and served upon you, and move for the entry of an order in conformity with said filing.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Dated:  January 11, 2011          Respectfully submitted,

                        AGRI-BEST HOLDINGS, LLC

                        By:   */s/ Steven B. Towbin*
                              One of its Attorneys

Steven B. Towbin (#2848546)
Peter J. Roberts (#6239025)
Kimberly Bacher (#6285677)
SHAW GUSSIS FISHMAN GLANTZ
  WOLFSON & TOWBIN LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile

{10007-001 APPL A0277463.DOC 3}

# **CERTIFICATE OF SERVICE**

Kimberly Bacher certifies that she caused to be served a true copy of the above and foregoing notice and attached motion upon the attached Service List in the manner so indicated below, on this 11th day of January, 2011.

/s/ *Kimberly Bacher*

*CM/ECF Service List*

- Thomas J. Angell    tangell@jbosh.com
- Deborah S Ashen    dsa@ashenlaw.com
- Kimberly A Bacher    kbacher@shawgussis.com
- Michael T. Benz    benz@chapman.com, eickmann@chapman.com
- Abraham Brustein    abrustein@dimonteandlizak.com, dbecker@dimontelaw.com
- Francisco Connell    fconnell@chuhak.com, kgord@chuhak.com
- Mark D Conzelmann    mark.conzelmann@kattenlaw.com
- Devon J Eggert    deggert@freebornpeters.com, bkdocketing@freebornpeters.com
- Thomas R. Fawkes    tfawkes@freebornpeters.com, bkdocketing@freebornpeters.com
- Richard H Fimoff    rfimoff@rsplaw.com, fb@rsplaw.com
- Edward P. Freud    epfreud@rwrlaw.com
- Jennifer B Herzog    jherzog@gklaw.com, zraiche@gklaw.com;mroufus@gklaw.com
- M. Garrett Hohimer    ghohimer@jbosh.com
- Timothy M Hughes    thughes@lavellelaw.com
- Steve Jakubowski    sjakubowski@colemanlawfirm.com
- Richard S Lauter    rlauter@freebornpeters.com, bkdocketing@freebornpeters.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- William W. Leathem    wleathem@jbosh.com
- Michael Joseph Linneman    linnemanm@jbltd.com
- James M McClintick    jmmcclintick@wmlaw.com
- Henry B. Merens    hbm@ag-ltd.com

- Jeffrey Pawlitz     jpawlitz@kirkland.com,
  alyssa.qualls@kirkland.com;paul.helms@kirkland.com

- Ronald R Peterson     rpeterson@jenner.com,
  rpeterson@ecf.epiqsystems.com;docketing@jenner.com

- Peter J Roberts     proberts@shawgussis.com

- Jennifer Rojas     rojas@dlec.com, salerno@dlec.com;stein@dlec.com

- Nathan Q. Rugg     nqr@ag-ltd.com, asandy@ag-ltd.com

- Andrew R Schwartz     andy@schwartz-lawyer.com

- Marylynne K Schwartz     mschwartz@shawgussis.com

- Timothy M Swanson     swanson@dlec.com, fosdal@dlec.com

- Steven B Towbin     stowbin@shawgussis.com

- Jon C Vigano     jvigano@schiffhardin.com,
  edocket@schiffhardin.com;dgordon@schiffhardin.com

- Richard Wohlleber     wohlleber@chapman.com,
  benz@chapman.com;lombardo@chapman.com

**VIA ELECTRONIC MAIL**

Timothy Reiter
tjreiter@comcast.net

Ronald R. Peterson
Jenner & Block, LLP
rpeterson@jenner.com

Abraham E. Brustein
DiMonte & Lizak, LLC
abrustein@dimontelaw.com

Steve Jakubowski
Coleman Law Firm
sjakubowski@colemanlawfirm.com

Timothy F. Nixon
Godfrey & Kahn
tnixon@gklaw.com

David H. Hixson
Jenner & Block, LLP
dhixson@jenner.com

{10007-001 APPL A0277463.DOC 3}                    3

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-44595 |
| AGRI-BEST HOLDINGS, LLC, | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Date:  February 2, 2011 |
| Debtor. | ) | Hearing Time:   9:30 a.m. |
| | ) | |

**FIRST AND FINAL FEE APPLICATION OF GAIDO & FINTZEN FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Agri-Best Holdings, LLC ("ABH") hereby applies to this Court (the "Application"), pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(i), 2016(a) and 9007, for the benefit of GAIDO & FINTZEN ("Gaido") for the allowance and payment of $6,401.28 in compensation for 32 hours of professional services (the "Services") rendered on behalf of and for the reimbursement of $1,888.73 for expenses (the "Expenses") incurred incidental to the Services during the period of October 5, 2010 to November 30, 2010 (the "Application Period"). In support of this Application, ABH respectfully states as follows:

**BACKGROUND**

1. On October 5, 2010 (the "Petition Date"), the ABH and Agri-Best Properties, LLC (collectively, the "Debtors") each filed a voluntary petition in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"), thereby commencing the cases (the "Cases"). ABH's case was converted to one under chapter 7 of the Bankruptcy Code effective on December 1, 2010 (the "Conversion Date"). On or about the Conversion Date, Ronald Peterson of JENNER & BLOCK was appointed as chapter 7 trustee for the ABH estate.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

## RETENTION OF GAIDO

3. On October 18, 2010, the Debtors applied to the Court for an order approving the retention of Gaido as special counsel (the "Retention Application"). On October 27, 2010, this Court entered an order approving the Retention Application and authorizing the Debtors to employ Gaido as their special counsel effective as of the Petition Date (the "Retention Order").

## THE SERVICES RENDERED BY GAIDO

4. From and after the inception of Gaido's representation of ABH up to and including the Conversion Date, Gaido has served as special counsel to ABH with respect to various collection matters. Attached hereto and made part hereof is Exhibit A, which are the invoices for the Services (collectively, the "Invoices").

5. All of the time described in Exhibit A represents the actual amount of time spent by Gaido. The hourly rate charged by Ronald L. Sandack and Paul H. Scheuerlein, the professionals of Gaido who worked on the Cases and whose time is a part of the Services, is $200.

6. The Services have required a total of 32 hours on the part of Mr. Sandack and Mr. Scheuerlein as more fully set forth in the Invoices. See Exhibit A. Based upon the customary and reasonable rates charged by Gaido, the fair and reasonable value of the Services is not less than $6,401.28 (the "Compensation Request"). All of the Services for which compensation is requested were Services which, in Gaido's billing judgment, were necessarily rendered after due consideration of the expected cost and anticipated benefit of such Services.

7.      Prior to the Petition Date, Wells Fargo Bank, N.A. ("Wells Fargo") and the Debtors entered into that certain Amended and Restated Credit and Security Agreement dated June 2, 2010 (as amended, the "Credit Agreement") whereby the Debtors granted Wells Fargo a first lien in substantially all of their assets, including accounts receivables. Following the Conversion Order and at the request of Wells Fargo, Gaido continued to render services in connection with the collection activities that it had previously commenced. Gaido will seek compensation for its post-Conversion Order services from Wells Fargo or Wells Fargo's collateral, and not from other property of the ABH's estate.

8.      The Invoices have a detailed description of all Services broken down by date and time spent. Gaido expended 32 hours of professional services having a value of $6,401.28 in connection with services pertaining to the collection of accounts receivable. Specifically, Gaido prepared, filed and served five collection complaints on behalf of ABH (collectively, the "Collection Complaints"). Preparation of the Collection Complaints required research by Gaido and a review of the supporting documentation supplied by ABH. In connection with the Collection Complaints, Gaido monitored the applicable dockets and engaged in discussions with opposing counsel. Gaido also prepared, edited and finalized collection letters that were served on six creditors of ABH.

9.      The hourly rates charged by Gaido compare favorably with the rates charged by other Chicago metropolitan firms having attorneys with similar experience and expertise. The Lodestar Amount for all of the services rendered by Gaido during the Application Period is $6,401.28. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity,

importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Gaido respectfully submits that the Lodestar Amount represents a fair and reasonable amount for the allowance of its compensation.

**THE EXPENSES REQUESTED**

10. All of the Expenses for which reimbursement is requested are expenses which Gaido customarily recoups from all of its clients.

11. The specific Expenses for which reimbursement is requested during the Application Period are as follows:

| Filing Fees | $1,750.00 |
| Service Fee (the Atlanta Cattle Exchange) | $102.60 |
| Postage, Photocopies, Facsimiles | $36.13 |
| **TOTAL**: | **$1,888.73** |

12. All of the Expenses for which reimbursement is sought are costs actually borne by Gaido. All of the Expenses are listed in the Invoices. The Invoices include a charge for Westlaw services in the amount of $12.39, but that charge is not being sought herein.

13. As noted previously, all of the Expenses for which reimbursement is requested are of the type and amount of expense that Gaido customarily recoups from all of its clients. Further, the expenses for which reimbursement is sought constitute the types and amounts generally allowed by bankruptcy judges in this and other districts.

**COMPENSATION AND EXPENSES RECEIVED TO DATE BY GAIDO**

14. Prior to the Petition Date, Gaido received a retainer in the amount of $25,000 (the "Prepetition Retainer"). As of the Petition Date, approximately $2,500 of the Prepetition Retainer was used and applied to prepetition services, including legal fees, filing fees and expenses incurred prior to the Petition Date.

{10007-001 APPL A0277463.DOC 3}                                    4

15. In the event that the Application is approved by this Court, Gaido requests that it be permitted to withdraw the amount awarded herein from the remaining Prepetition Retainer and remit the balance to Wells Fargo, ABH's senior secured lender.

## COMPLIANCE WITH SECTION 504

16. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Gaido and any other firm, person or entity for the sharing or division of any compensation paid or payable to Gaido.

## NOTICE

17. Notice of this Application has been given to: (a) the Office of the United States Trustee; (b) the Trustee; and (c) parties requesting notice in the Cases. In light of the creditor activity within these Cases, ABH submits that no further notice is required.

WHEREFORE, ABH requests the entry of an order, substantially in the form attached hereto that:

(a) allows Gaido $6,401.28 in compensation for Services rendered during the Application Period;

(b) allows Gaido $1888.73 in Expense reimbursement for the Application Period;

(c) waives other and further notice of this hearing with respect to this Application;

(d) authorizes Gaido to withdraw the amount awarded herein from the balance of the Prepetition Retainer and remit the balance to Wells Fargo Bank; and

(e) provides Gaido with such additional relief as may be appropriate under the circumstances.

Dated: January 11, 2011

Respectfully submitted,

AGRI-BEST HOLDINGS, LLC

By: */s/ Steven B. Towbin*
    One of its Attorneys

Steven B. Towbin (#2848546)
Peter J. Roberts (#6239025)
Kimberly Bacher (#6285677)
SHAW GUSSIS FISHMAN GLANTZ
  WOLFSON & TOWBIN LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile