**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AGRI-BEST HOLDINGS, LLC, | ) | Case No. 10-44595 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: February 22, 2011 at 9:30 a.m. |
| | ) | |

**NOTICE OF FIRST AND FINAL FEE APPLICATION OF FREEBORN & PETERS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

To:  Service List

　　　PLEASE TAKE NOTICE that on January 28, 2011, Freeborn & Peters LLP. ("*F&P*") filed its *First and Final Fee Application as Counsel to the Official Committee of Unsecured Creditors* (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois.  By the Application, F&P seeks the entry of an order: (a) allowing $108,351.00 in compensation for services rendered by F&P to the Official Committee of Unsecured Creditors (the "*Committee*") of the above-referenced debtor for the period from October 14, 2010 through November 30, 2010; (b) allowing F&P $2,744.31 in reimbursable expenses for the Fee Application Period; and (c) authorizing and directing payment to F&P its *pro rata* percentage of the funds allocated to Committee professionals during the Debtor's chapter 11 case.

　　　PLEASE TAKE FURTHER NOTICE THAT a hearing on the Application will take place before the Honorable Eugene R. Wedoff of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or whomever may be sitting in his place and stead, at 219 South Dearborn Street, Courtroom 744, Chicago, Illinois on February 22, 2011 at 9:30 a.m.

　　　Objections, if any, to the relief requested in the Application must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois prior to the hearing on the Application.

　　　At the same time, you should also serve a copy of the objection upon the following so as to be received prior to the hearing on the Application:  (i) Freeborn & Peters LLP, 311 S. Wacker Dr., Ste. 3000, Chicago, Illinois 60606 (Attn: Richard S. Lauter).

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: January 28, 2011                                  **FREEBORN & PETERS LLP**

                                                          By:            /s/ Richard S. Lauter
                                                          Richard S. Lauter (No. 6182859)
                                                          Freeborn & Peters LLP
                                                          311 South Wacker Drive, Suite 3000
                                                          Chicago, Illinois 60606
                                                          Telephone:  312.360.6000
                                                          Facsimile:   312.360.6520

.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AGRI-BEST HOLDINGS, LLC, | ) | Case No. 10-44595 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: February 22, 2011 at 9:30 a.m. |
| | ) | |

**CERTIFICATE OF SERVICE**

      I, Richard S. Lauter, an attorney, do hereby certify that on January 28, 2011, I caused the following documents to be served on all parties listed on the attached *Exhibit A*, representing the (a) the Debtor and its counsel; (b) the Office of the United States Trustee; (c) the chapter 7 trustee; (d) counsel to Wells Fargo Bank, N.A. and Advantage Capital Community Development Fund XXV; (e) all parties who have filed a request to receive notice pursuant to Bankruptcy Rule 2002; and (f) the top 20 creditors of the Debtor:

- *Notice of First and Final Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors; and*

- *First and Final Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors.*

                                                           /s/ Richard S. Lauter

**EXHIBIT A**

**Service Via CM/ECF System Electronic Mail Notice List**

Thomas J. Angell tangell@jbosh.com
Deborah S Ashen dsa@ashenlaw.com
Kimberly A Bacher kbacher@shawgussis.com
Michael T. Benz benz@chapman.com, eickmann@chapman.com
Abraham Brustein abrustein@dimonteandlizak.com, dbecker@dimontelaw.com
Francisco Connell fconnell@chuhakcom, kgord@chuhakcom
Mark D Conzelmann markconzelmann@kattenlaw.com
Devon J Eggert deggert@freebompeters.com, bkdocketing@freebompeters.com
Thomas R. Fawkes tfawkes@freebompeters.com, bkdocketing@freebompeters.com  Richard H Fimoff rfimoff@rsplaw.com, fb@rsplaw.com
Edward P. Freud epfreud@rwrlaw.com
Jennifer B Herzog jherzog@gklaw.com, zraiche@gklaw.com;mroufus@gklaw.com
M. Garrett Hohimer ghohimer@jbosh.com
Timothy M Hughes  thughes@lavellelaw.com
Steve Jakubowski sjakubowski@colemanlawfirm.com
Richard S Lauter  rlauter@freebompeters.com, bkdocketing@freebompeters.com
William W. Leathem wleathem@jbosh.com, mrios@jbosh.com
Michael Joseph Linneman linnemanm@jbltd.com
James M McClintick jmmcclintick@wmlaw.com
William T Neary USTPRegionl1.ES.ECF@usdoj.gov
Peter J Roberts proberts@shawgussis.com
Jennifer Rojas rojas@dlec.com, salerno@dlec.com;stein@dlec.com
Andrew R Schwartz andy@schwartz-lawyer.com
Timothy M Swanson swanson@dlec.com
Steven B Towbin stowbin@shawgussis.com
Jon C Vigano jvigano@schiffhardin.com, edocket@schiffhardin.com;dgordon@schiffhardin.com
Richard Wohlleber wohlleber@chapman.com, benz@chapman.com;lombardo@chapman.com

**Service Via First Class Mail**

Steven B. Towbin
Kimberly A. Bacher
Marylynne K. Schwartz
Peter J. Roberts
Shaw Gussis Fishman Glantz WolfsonTowbin
321 N. Clark
Suite 800
Chicago, IL 60654

Ronald R. Peterson
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654

Obed De La Cruz
Markle G. Spencer
Markle & De La Cruz, LLP
17100 El Camino Real, Ste. 500
Houston, TX 77058

Todd M. Pfeil
Pfeil, Millonzi & Curran, S.C.
1104 Mills St.
P.O. Box 348
Black Earth, WI 53515

Richard E. Fee
Kathleen M. Wade
1227 N. Franklin Street
Tampa, FL 33602

Office of the U.S. Trustee
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

Marcus Foods
PO Box 781659
Wichita, KA 67278-1659

Midland Packaging
101 E. Palatine Rd.
Wheeling, IL 60090

Bay View Funding
Acct. of Absolute Staffing LLC.
P.O. Box 881774
San Francisco, CA 94188-1774

Amigo Meat Distributors L.P.
5251 S. Millard
Chicago, IL 60632

Cryovac
P.O. Box 91279
Chicago, IL 60693-1279

Tyson Fresh Meats 533019
140 Charles W Grant Parkway
Floor 1
Atlanta, GA 30354

Lincoln Provision Inc.
824 West 38th Place
Chicago, IL 60609

Atilla Donmez
14457 keeler Ave
Midlothian, IL 60445

Economy Packing Co.
939 W. Fulton St.
Chicago, IL 60607

4220 Kildare LLC
2340 River Road Suite 310
Des Plaines, IL 60018

The Ettlinger Corporation
175 Olde Half Day Rd.
Suite 247
Lincolnshire, IL 60069

M.V. & Son's LLC
300 Heron Drive
Swedesboro, NJ 08085

Weinstein Wholesale Meats
135 S. LaSalle St., Dept 2906
Chicago, IL 60674-2906

Abbyland Pork Pack, Inc.
Box 88840
Milwaukee, WI 53288-0840

J&B Group
N. W. 6090
P. O. Box 1450
Minneapolis, MN 55485-6090

6

College Drive Dental
7550 College Drive
Palos Heights, IL 60463

Premium Iowa Pork, LLC
108 1st Ave South
P.O. Box 188
Hospers, IO 51238

David A. Phillips
1094 Westberry Ct
Lake Zurich, IL 60047

John R. Morreale
216 N. Peoria St.
Chicago, IL 60607

Infinity Service Management
1550 South Indiana Ave.
Chicago, IL 60605

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AGRI-BEST HOLDINGS, LLC, | ) | Case No. 10-44595 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: February 22, 2011 at 9:30 a.m. |
| | ) | |

**FIRST AND FINAL FEE APPLICATION OF FREEBORN & PETERS LLP**
**AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Freeborn & Peters LLP ("*F&P*"), counsel to the Official Committee of Unsecured Creditors (the "*Committee*") appointed in the above-captioned bankruptcy case, hereby submits the *First and Final Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors* (the "*Fee Application*"), relating to services rendered and expenses incurred from October 14, 2010 through November 30, 2010, and in support thereof, states as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2.  The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local

Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

3. On October 5, 2010 (the "*Petition Date*"), Agri-Best Holdings, LLC (the "*Debtor*") and its affiliate, Agri-Best Properties, LLC, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (collectively, the "*Cases*").

4. On October 14, 2010, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtor pursuant to section 1102 of the Bankruptcy Code, and the Committee selected F&P as its counsel on that same date (the "*Retention Date*").

5. On October 28, 2010, this Court entered an Order authorizing the retention and employment of F&P as counsel to the Committee in these cases, effective as of October 14, 2010.

6. In accordance with that certain *Agreed Order Resolving Objection of the Official Committee of Unsecured Creditors to Entry of the Final Order For the Debtors' Motion for Authority to (1) Use Cash Collateral, (2) Borrow Funds, (3) Provide Adequate Protection, and for Related Relief* entered on November 3, 2010 (Docket No. 92), the Debtor agreed to fund the Committee's professionals in the amount of $50,000 for the period ending November 30, 2010 (the "*Committee Fee Allocation*"). F&P is currently holding the Committee Fee Allocation in its client trust account, which shall be used to satisfy, in part, the allowed fees and expenses of Committee professionals.

2

7. On November 24, 2010, an order was entered converting the Debtor's chapter 11 case to chapter 7 effective as of December 1, 2010. The Committee was therefore dissolved as of December 1, 2010.

## RELIEF REQUESTED

8. F&P rendered services on behalf of the Committee from October 14, 2010 through November 30, 2010 (the "*Fee Application Period*"). F&P seeks approval of compensation for the Fee Application Period in the amount of $108,351.00 and reimbursable expenses for the Fee Application Period in the amount of $2,744.31, for a total of $111,095.31.

9. A detailed schedule of services rendered and expenses incurred (broken down by project category) by F&P during the Fee Application Period is attached hereto and incorporated herein as *Exhibit A*.

10. As of the date of this Fee Application, F&P has received no compensation on account of services performed and expenses incurred with respect to its representation of the Committee in these cases.

11. By this Final Fee Application, F&P seeks an order: (1) allowing F&P $108,351.00 in compensation and $2,744.31 in reimbursable expenses for the Fee Application Period as an administrative expense of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code; and (2) authorizing immediate payment to F&P of its *pro rata* share of the Committee Fee Allocation based upon the allowed fee claims of FTI and F&P.[1]

---

[1] F&P reserves the right to seek payment of any allowed but unpaid amounts in the event that the chapter 7 trustee comes into possession of funds adequate to make a distribution to holders of chapter 11 administrative claims.

3

**DISCUSSION**

12. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

13. The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

[I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

14. In reviewing the Fee Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

4

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.").

15. In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

16. In evaluating the Fee Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by F&P's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

17. F&P's hourly rates of compensation for those attorneys and para-professionals during the Fee Application Period range from $40 to $660 (however, no professional with an hourly rate in excess of $549 has performed services herein). Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and

5

standing for similar services in this jurisdiction. F&P consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient, and practical manner possible.

18. A summary of the compensation requested herein regarding each of F&P's professionals and para-professionals is set forth below:

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Fawkes, Thomas R. | Partner | 2002 | $418.50 | 83.0 | $34,735.50 |
| Lauter, Richard S. | Partner | 1982 | $508.50 | 49.6 | $25,221.60 |
| Isenberg, Shira | Associate | 2003 | $346.50 | 2.4 | $831.60 |
| Eggert, Devon J. | Associate | 2006 | $274.50 | 55.1 | $15,124.95 |
| Morris, Wendy E. | Associate | 2003 | $292.50 | 5.6 | $1,638.00 |
| Jackiw, Brian J. | Associate | 2008 | $256.50 | 58.4 | $14,979.60 |
| Brandess, Michael A. | Associate | 2010 | $225.00 | 12.9 | $2,902.50 |
| Franczyk, Cathleen | Paralegal | N/A | $198.00 | 5.5 | $1,089.00 |
| Sheldon, Kathryn | Paralegal | N/A | $193.50 | 16.3 | $3,154.05 |
| Hammer, Aaron L. | Partner | 1997 | $549.00 | 15.8 | $8,674.20 |
| | | | TOTAL: | 304.6 | $108,351.00 |
| | | | BLENDED RATE: | | $355.72 |

19. No agreement or understanding exists between F&P and any other person for the sharing of compensation received or to be received in connection with this chapter 11 case, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

20. F&P reserves the right to correct, amend, or supplement this Fee Application, including, without limitation, to seek payment in the event this Fee Application is not approved in full.

**SERVICES PERFORMED**

21. This Final Fee Application sets forth in detail the work performed by F&P and the time spent during the Fee Application Period.

6

**A.     General**                                                                                      **$22,259.25**

22.     F&P spent 73.0 hours at a cost of $22,259.25 on general matters. This category primarily includes time spent reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on general case matters, corresponding with parties-in-interest concerning general case matters, and performing necessary administrative tasks typically associated with a committee representation (including performing court filings, maintaining and updating dockets, calendars, and correspondence files, and retrieving necessary documents). Finally, this category includes matters which encompass more than one discrete category.

**B.     Litigation**                                                                                   **$19,322.45**

23.     F&P spent 49.0 hours at a cost of $19,322.45 on litigation matters. This category primarily includes time spent investigating potential claims and causes of action against the Debtor, its officers and directors and its secured lenders, Wells Fargo Bank, N.A. ("*Wells Fargo*") and Advantage Capital Community Development Fund XXV ("*Advantage*"), conducting legal research related thereto, and drafting adversary complaints against secured lenders, and proofs of claim filed in these cases.

**C.     Creditor Inquiries, Negotiations**                                                             **$69.30**

24.     F&P spent 0.2 hours at a cost of $69.30 on creditor inquiries, negotiations and settlement. This category includes time spent responding to inquiries of unsecured creditors concerning their claims against the Debtors' estates, and corresponding with parties-in-interest concerning unsecured creditor issues.

**D.     Secured Creditor Issues                                                      $43,122.15**

25.    F&P spent 118.50 hours at a cost of $43,122.15 on secured creditor issues.  This category primarily consists of time spent conducting and preparing an exhaustive collateral analysis of Wells Fargo's and Advantage's assets, investigating potential claims against Wells Fargo and Advantage, analyzing, objecting to, and negotiating the Cash Collateral Orders, engaging in discussions with parties-in-interest regarding Wells Fargo's secured claims, and other potential issues arising between the Debtor and Wells Fargo.

**E.     F&P Retention and Fee Applications                                            $3,899.25**

26.    F&P spent 11.9 hours at a cost of $3,899.25 related to the retention of F&P and this Fee Application.  This category primarily includes time spent preparing F&P's retention application and this Fee Application, handling details of F&P's engagement by the Committee, and evaluating any and all related issues such as conflict and disclosure issues.

**F.     Other Professional Retention and Fee Applications                             $6,430.50**

27.    F&P spent 17.6 hours at a cost of $6,430.50 on other retention and fee application issues.  This category primarily includes time spent reviewing the retention applications of each of the Debtor's professionals, preparing the retention application of FTI, financial consultant to the Committee, and filing and addressing objections related thereto.

**G.     Committee Meetings and Governance                                             $7,672.05**

28.    F&P spent 16.5 hours at a cost of $7,672.05 on Committee meetings and governance issues.  This category primarily consists of time spent preparing for and conducting meetings of the Committee, drafting minutes of Committee meetings, drafting the Committee by-laws, ensuring that the Committee was governed pursuant to applicable requirements, and addressing inquiries of Committee members with respect thereto, as well as analyzing the effects of certain procedural stances on the Committee.

**H.     Asset Sales                                                                    $5,566.05**

29.    F&P spent 17.9 hours at a cost of $5,566.05 on asset sale issues. This category includes time spent analyzing the potential benefits of a sale and the motion to sell assets outside the ordinary course of business. This category also includes time spent reviewing potential investment banker candidates and entertaining inquiries from creditors and potential purchasers of the Debtor's assets.

## REASONABLE EXPENSES INCURRED

30.    Detailed itemizations of all expenses incurred are incorporated in the detailed itemization of expenses attached hereto. Expenses during the Fee Application Period were incurred in the following general categories:

(a)    <u>Photocopying</u>: F&P incurred copying and printing charges in the amount of $48.00. F&P charges clients $0.10 per copy and maintains a record of in-house copies made through a computerized system. This procedure requires an operator to key in a client's code number on a keypad attached to the copier. For large projects, F&P uses outside copy services for purposes of efficiency and charges amounts actually incurred. No such outside copying service was used in this case.

(b)    <u>Outside Teleconferencing</u>: F&P incurred expenses in the amount of $69.30 in connection with teleconferencing services. These expenses were necessary in order to conduct Committee meetings telephonically. F&P makes no profit on these expenses.

(c)    <u>Title/UCC Searches</u>: F&P incurred expenses in the amount of $638.00 in connection with performing certificate of good standing searches and lien searches on substantially all of the real and personal property of the Debtors, and obtaining reports of all pending litigation against the Debtors, for the purpose of analyzing Wells Fargo's and Advantage's purported liens. This expense was necessary in order to effectively represent the

9

Committee's interest with respect to various issues involving security interests and the Debtors' assets.

(d) <u>Other Fees, Other Outside Services, Miscellaneous Expenses, and Meal and Travel Expenses</u>: F&P incurred expenses in the amount of $21.73 in connection with necessary fees in other categories. Such categories included wire fees for funds transfers, outside document filing, messenger service fees, court docket fees and retrieval services, and miscellaneous meals and transportation costs.

(e) <u>Legal Research</u>: F&P incurred expenses in the amount of $1,967.28 in connection with legal research fees. This is necessary to ensure proper grounds for asserting legal positions in front of this Court.

31. All expenses incurred by F&P in connection with its representation of the Committee were ordinary and necessary expenses. All expenses billed to the Committee were billed in the same manner as F&P bills non-bankruptcy clients.

32. F&P does not bill its clients or seek compensation in this Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions. Such expenses are factored into F&P's hourly rates. F&P has not included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

**BENEFIT TO THE ESTATES**

33. F&P remained active on all matters in its representation of the Committee during the chapter 11 proceedings, and F&P took a number of actions to ensure that the rights of unsecured creditors were protected and that their prospects for recovery from this estate can be maximized.

34. F&P's services included an exhaustive investigation into the status of Wells Fargo's and Advantage's liens against the Debtors' property to determine whether such liens were properly perfected and fully enforceable, as well as well as an analysis of potential causes of action against Wells Fargo and Advantage. This investigation – which was significantly curtailed by the Debtor's conversion of its case to chapter 7 – resulted in the filing of adversary complaints against Wells Fargo and Advantage. It is hoped that the chapter 7 trustee appointed in this case will continue to pursue potential litigation claims and other avenues of recovery so that unsecured creditors may see a meaningful recovery from the estate.

35. F&P submits that the aforementioned services, among others, benefited the estate by ensuring that the Debtor's assets were properly preserved and administered, and that the value of the estates were maximized for the benefit of all parties-in-interest.

### REQUEST FOR LIMITED NOTICE

36. Pursuant to Bankruptcy Rule 2002(a)(6) and the Compensation Order, twenty-one days' notice of this First and Final Fee Application has been provided to: (a) the Chapter 7 Trustee; (b) the Office of the United States Trustee; (c) the Debtor its counsel; (d) Wells Fargo's counsel; (e) Advantage's counsel; (f) the top 20 creditors of the Debtor; and (g) the Bankruptcy Rule 2002 service list. Because the fees requested herein will be paid *pro rata* out of a carveout paid by Wells Fargo and the estate is administratively insolvent, no need exists to provide notice to the entire list of creditors. Such notice is consistent with – and in fact, more extensive then – the notice provided by the Debtor's professionals of its final fee applications.

**WHEREFORE**, F&P respectfully requests that the Court enter an order:

(a) allowing F&P $108,351.00 in compensation for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b) allowing F&P $2,744.31 in reimbursable expenses for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c) authorizing and directing payment to F&P in an amount equal to its *pro rata* share of the Committee Fee Allocation;

(d) approving limited notice of the Fee Application in the manner set forth herein; and

(e) granting such other and further relief as the Court deems just and proper.

Dated: January 28, 2011                           **FREEBORN & PETERS LLP**

                                       By:    /s/ Richard S. Lauter
                                              Richard S. Lauter (No. 6182859)
                                              Thomas R. Fawkes (No. 6277451)
                                              FREEBORN & PETERS LLP
                                              311 South Wacker Drive, Suite 3000
                                              Chicago, Illinois 60606
                                              Telephone: 312.360.6000
                                              Facsimile: 312.360.6520