**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-44595 |
| AGRI-BEST HOLDINGS, LLC, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Hon. Eugene R. Wedoff |
| ) | |
| ) | Hearing: February 22, 2011, at 9:30 a.m. |
| ) | |

**NOTICE OF FIRST AND FINAL FEE APPLICATION OF
FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

To:  Service List

    PLEASE TAKE NOTICE that on January 28, 2011, FTI Consulting, Inc. ("*FTI*") filed its *First and Final Fee Application as Financial Advisor to the Official Committee of Unsecured Creditors* (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois.  By the Application, FTI seeks the entry of an order: (a) allowing $35,764.50 in compensation for services rendered by FTI to the Official Committee of Unsecured Creditors (the "*Committee*") of the above-referenced debtor for the period from October 19, 2010 through November 30, 2010; and (b) authorizing and directing payment to FTI its *pro rata* percentage of the funds allocated to Committee professionals during the Debtor's chapter 11 case.

    PLEASE TAKE FURTHER NOTICE THAT a hearing on the Application will take place before the Honorable Eugene R. Wedoff of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or whomever may be sitting in his place and stead, at 219 South Dearborn Street, Courtroom 744, Chicago, Illinois on February 22, 2011 at  9:30 a.m.

    Objections, if any, to the relief requested in the Application must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois prior to the hearing on the Application.

    At the same time, you should also serve a copy of the objection upon the following so as to be received prior to the hearing on the Application:  (i) FTI Consulting, Inc., 227 West Monroe, Suite 900, Chicago, Illinois 60606 (Attn: Carlin Adrianopoli); and (ii) Freeborn & Peters LLP, 311 S. Wacker Dr., Ste. 3000, Chicago, Illinois 60606 (Attn: Richard S. Lauter).

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: January 28, 2011    **FREEBORN & PETERS LLP**

By: /s/ Richard S. Lauter
Richard S. Lauter (No. 6182859)
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312.360.6000
Facsimile: 312.360.6520

*Submitted on behalf of FTI Consulting, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-44595 |
| AGRI-BEST HOLDINGS, LLC, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Hon. Eugene R. Wedoff |
| ) | |
| ) | Hearing:  February 22, 2011, at 9:30 a.m. |
| ) | |

**CERTIFICATE OF SERVICE**

I, Richard S. Lauter, an attorney, do hereby certify that on January 28, 2011, I caused the following documents to be served on all parties listed on the attached *Exhibit A*, representing the (a) the Debtor and its counsel; (b) the Office of the United States Trustee; (c) the chapter 7 trustee; (d) counsel to Wells Fargo Bank, N.A. and Advantage Capital Community Development Fund XXV; (e) all parties who have filed a request to receive notice pursuant to Bankruptcy Rule 2002; and (f) the top 20 creditors of the Debtor:

- *Notice of First and Final Fee Application of FTI Consulting, Inc. as Financial Advisor to the  Official Committee of Unsecured Creditors*; and

- *First and Final Fee Application of of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors.*

                                                      /s/ Richard S. Lauter

## EXHIBIT A

**Service Via CM/ECF System Electronic Mail Notice List**

Thomas J. Angell tangell@jbosh.com
Deborah S Ashen dsa@ashenlaw.com
Kimberly A Bacher kbacher@shawgussis.com
Michael T. Benz benz@chapman.com, eickmann@chapman.com
Abraham Brustein abrustein@dimonteandlizak.com, dbecker@dimontelaw.com
Francisco Connell fconnell@chuhakcom, kgord@chuhakcom
Mark D Conzelmann markconzelmann@kattenlaw.com
Devon J Eggert deggert@freebompeters.com, bkdocketing@freebompeters.com
Thomas R. Fawkes tfawkes@freebompeters.com, bkdocketing@freebompeters.com Richard H
Fimoff rfimoff@rsplaw.com, fb@rsplaw.com
Edward P. Freud epfreud@rwrlaw.com
Jennifer B Herzog jherzog@gklaw.com, zraiche@gklaw.com;mroufus@gklaw.com
M. Garrett Hohimer ghohimer@jbosh.com
Timothy M Hughes  thughes@lavellelaw.com
Steve Jakubowski sjakubowski@colemanlawfirm.com
Richard S Lauter  rlauter@freebompeters.com, bkdocketing@freebompeters.com
William W. Leathem wleathem@jbosh.com, mrios@jbosh.com
Michael Joseph Linneman linnemanm@jbltd.com
James M McClintick jmmcclintick@wmlaw.com
William T Neary USTPRegionl1.ES.ECF@usdoj.gov
Peter J Roberts proberts@shawgussis.com
Jennifer Rojas rojas@dlec.com, salerno@dlec.com;stein@dlec.com
Andrew R Schwartz andy@schwartz-lawyer.com
Timothy M Swanson swanson@dlec.com
Steven B Towbin stowbin@shawgussis.com
Jon C Vigano jvigano@schiffhardin.com,
edocket@schiffhardin.com;dgordon@schiffhardin.com
Richard Wohlleber wohlleber@chapman.com, benz@chapman.com;lombardo@chapman.com

**Service Via First Class Mail**

Steven B. Towbin
Kimberly A. Bacher
Marylynne K. Schwartz
Peter J. Roberts
Shaw Gussis Fishman Glantz WolfsonTowbin
321 N. Clark
Suite 800
Chicago, IL 60654

Ronald R. Peterson
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654

Obed De La Cruz
Markle G. Spencer
Markle & De La Cruz, LLP
17100 El Camino Real, Ste. 500
Houston, TX 77058

Todd M. Pfeil
Pfeil, Millonzi & Curran, S.C.
1104 Mills St.
P.O. Box 348
Black Earth, WI 53515

Richard E. Fee
Kathleen M. Wade
1227 N. Franklin Street
Tampa, FL 33602

Office of the U.S. Trustee
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

Marcus Foods
PO Box 781659
Wichita, KA 67278-1659

Midland Packaging
101 E. Palatine Rd.
Wheeling, IL 60090

Bay View Funding
Acct. of Absolute Staffing LLC.
P.O. Box 881774
San Francisco, CA 94188-1774

Amigo Meat Distributors L.P.
5251 S. Millard
Chicago, IL 60632

Cryovac
P.O. Box 91279
Chicago, IL 60693-1279

Tyson Fresh Meats 533019
140 Charles W Grant Parkway
Floor 1
Atlanta, GA 30354

Lincoln Provision Inc.
824 West 38th Place
Chicago, IL 60609

Atilla Donmez
14457 keeler Ave
Midlothian, IL 60445

Economy Packing Co.
939 W. Fulton St.
Chicago, IL 60607

4220 Kildare LLC
2340 River Road Suite 310
Des Plaines, IL 60018

The Ettlinger Corporation
175 Olde Half Day Rd.
Suite 247
Lincolnshire, IL 60069

M.V. & Son's LLC
300 Heron Drive
Swedesboro, NJ 08085

Weinstein Wholesale Meats
135 S. LaSalle St., Dept 2906
Chicago, IL 60674-2906

Abbyland Pork Pack, Inc.
Box 88840
Milwaukee, WI 53288-0840

J&B Group
N. W. 6090
P. O. Box 1450
Minneapolis, MN 55485-6090

College Drive Dental
7550 College Drive
Palos Heights, IL 60463

Premium Iowa Pork, LLC
108 1st Ave South
P.O. Box 188
Hospers, IO 51238

David A. Phillips
1094 Westberry Ct
Lake Zurich, IL 60047

John R. Morreale
216 N. Peoria St.
Chicago, IL 60607

Infinity Service Management
1550 South Indiana Ave.
Chicago, IL 60605

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-44595 |
| AGRI-BEST HOLDINGS, LLC, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Hon. Eugene R. Wedoff |
| ) | |
| ) | Hearing: February 22, 2011, at 9:30 a.m. |
| ) | |

**FIRST AND FINAL FEE APPLICATION OF FTI CONSULTING, INC.
AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

FTI Consulting, Inc. ("*FTI*"), financial advisor to the Official Committee of Unsecured Creditors (the "*Committee*") of Agri-Best Holdings, LLC (the "*Debtor*"), hereby submits this First and Final Fee Application (the "*Application*") for allowance of compensation for professional services rendered by FTI to the Committee for the period from October 19, 2010 through November 30, 2010 (the "*Fee Application Period*"). In support of this Application, FTI states:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2. The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of the title 11 of the United States Code (the "*Bankruptcy Code*"), Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

3. On October 5, 2010 (the "*Petition Date*"), the Debtor and its affiliate, Agri-Best Properties, LLC, each filed a voluntary petition in this Court under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "*Bankruptcy Code*").

4. On October 14, 2010, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtor pursuant to section 1102 of the Bankruptcy Code, and the Committee selected F&P as its counsel on that same date (the "*Retention Date*").

5. The Committee was comprised of The Ettlinger Corporation; Marcus Foods; Midland Paper Company; Amigos Foods; Lincoln Provision Inc.; and Cryovac-Sealed Air Corporation.

6. Thereafter, the Committee selected FTI Consulting, Inc. ("*FTI*") to serve as its financial advisor. The Committee also selected Freeborn & Peters LLP to serve as its counsel.

7. On October 28, 2010, the Court entered an Order authorizing the retention and employment of FTI as financial advisor to the Committee in these cases.

8. In accordance with that certain *Agreed Order Resolving Objection of the Official Committee of Unsecured Creditors to Entry of the Final Order For the Debtors' Motion for Authority to (1) Use Cash Collateral, (2) Borrow Funds, (3) Provide Adequate Protection, and for Related Relief* entered on November 3, 2010 (Docket No. 92), the Debtor agreed to fund the Committee's professionals in the amount of $50,000 for the period ending November 30, 2010

(the "*Committee Fee Allocation*").  F&P is currently holding the Committee Fee Allocation in its client trust account, which shall be used to satisfy, in part, the allowed fees and expenses of Committee professionals.

9. On November 24, 2010, an order was entered converting the Debtor's chapter 11 case to chapter 7, and the Committee was dissolved concurrently therewith.

**RELIEF REQUESTED**

10. FTI seeks approval of compensation for the Fee Application Period in the amount of $35,764.50.

11. A detailed schedule of services rendered and expenses incurred by FTI during the Fee Application Period is attached hereto and incorporated herein as *Exhibit A*.

12. A chart of individuals providing services to the Committee is set forth below:

| Timekeeper | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|
| Adrianopoli, Carlin | $755.00 | 17.4 | $13,137.00 |
| Karamanos, Stacy | $675.00 | 9.7 | $6,547.50 |
| Brokmeier, Chris | $485.00 | 32.0 | $15,520.00 |
| Mungor, Nicholas | $400.00 | 1.4 | $560.00 |
| | **TOTALS:** | **60.5** | **$35,764.50** |
| | **BLENDED RATE:** | | **$591.15** |

13. As of the date of this Application, FTI has received no compensation on account of services performed and expenses incurred on behalf of the Committee during the Fee Application Period.

14. By this First and Final Fee Application, FTI seeks an order: (1) allowing FTI $35,764.50 in compensation for the Fee Application Period as a administrative expense of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code; and (2)

authorizing immediate payment to FTI of its *pro rata* share of the Committee Fee Allocation, based upon the allowed fee claims of FTI and F&P.[1]

### SERVICES PROVIDED DURING FEE APPLICATION PERIOD

15. The services performed by FTI during the Fee Application Period can be summarized as follows:

**A.    Current Operating Results & Events                $6,309.50**

16. FTI spent 8.5 hours at a cost of $6,309.50 on operations of the Debtor. This category includes time spent reviewing and analyzing financial information prepared by the Debtor and its advisors pertaining to the performance of the Debtor. This task also includes FTI's time analyzing the Debtor's operations and understanding the Debtors' future prospects. FTI also prepared material related to its various analyses that conveyed its findings to the Committee and the Committee's advisors.

**B.    Cash & Liquidity Analysis                        $1,687.50**

17. FTI spent 2.7 hours at a cost of $1,687.50 on cash and liquidity analysis. This category includes time reviewing the cash collateral motion of the Debtor to understand the cash management system of the Debtor.

**C.    Financing Matters                                $21,807.00**

18. FTI spent 39.0 hours at a cost of $21,807.00 on financing matters. This category includes time analyzing the terms of post-petition financing being offered to the Debtor by its pre-petition senior secured lender, Wells Fargo Bank, N.A. ("*Wells Fargo*"), and assisting the Committee's counsel in preparing a comprehensive objection to the approval of such financing. As outlined in the Committee's objection, the Committee believed that the terms of the proposed

---

[1] FTI reserves the right to seek payment of any allowed but unpaid amounts in the event that the chapter 7 trustee comes into possession of funds adequate to make a distribution to holders of chapter 11 administrative claims.

financing were onerous and above-market, and the expedited nature of the Debtor's liquidation effort was detrimental to the interests of unsecured creditors in this case. FTI's analysis of the post-petition financing and the Debtor's liquidation activities formed much of the foundation for the Committee's objection.

**D.     Asset Sales                                              $679.50**

19.     FTI spent 0.9 hours at a cost of $679.50 on asset sales. This category includes time spent time reaching out to prospective parties to understand the feasibility of bringing additional parties to the table to purchase the assets as a going concern rather than as a liquidation.

**E.     Court Attendance and Preparation                         $2,565.00**

20.     FTI spent 3.8 hours at a cost of $2,565.00 on court attendance and preparation. This category includes time spent reviewing the support to the Committee's objection to the Debtor's motion for authority to enter into the Wells Fargo post-petition financing facility, and preparing for the Court hearing on the same.

**F.     Analysis of Schedules and SOFA                           $1,115.50**

21.     FTI spent 2.3 hours at a cost of $1,115.50 on analyzing the Debtor's Schedules of Assets of Liabilities and Statement of Financial Affairs. This category includes time spent reviewing and analyzing the Schedules and SOFA to understand the financial position and past operating performance of the Debtor.

**G.     Case Management                                          $1,600.50**

22.     FTI spent 3.3 hours at a cost of $1,600.50 on Case Management. This category includes time reviewing first day motions and having initial case discussions with the Committee's counsel and the Committee members.

## REASONABLE EXPENSES INCURRED

23. While FTI incurred some expense in this matter, it has chosen not to seek reimbursement for those expenses.

## REQUEST FOR LIMITED NOTICE

24. Pursuant to Bankruptcy Rule 2002(a)(6) and the Compensation Order, twenty-one days' notice of this Application has been provided to: (a) the Chapter 7 Trustee; (b) the Office of the United States Trustee; (c) Debtor and Debtor's counsel; (d) Wells Fargo's counsel; (e) Advantage's counsel; (f) the top 20 creditors of the Debtor; and (g) the Bankruptcy Rule 2002 service list. Because the fees requested herein will be paid *pro rata* out of a carveout paid by Wells Fargo and the estate is administratively insolvent, no need exists to provide notice to the entire list of creditors. Such notice is consistent with – and in fact, more extensive then – the notice provided by the Debtor's professionals of its final fee applications.

WHEREFORE, FTI respectfully requests that this Court enter an order:

(a) allowing FTI $35,764.50 in compensation for the Fee Application Period as an administrative expense of the Debtor's estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b) authorizing payment to FTI in an amount equal to its *pro rata* share of the Committee Fee Allocation;

(c) approving limited notice of the Application in the manner set forth herein; and

(d) granting such other and further relief as the Court deems just and proper.

Dated: January 28, 2011                    **FREEBORN & PETERS LLP**

By:     /s/ Richard S. Lauter
Richard S. Lauter (No. 6182859)
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312.360.6000
Facsimile: 312.360.6520

*Submitted on behalf of FTI Consulting, Inc.*