IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGRI-BEST HOLDINGS, LLC, | ) | Case No. 10-44595 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | **Hearing Date: April 13, 2011** |
| | ) | **Time:  9:30 a.m.** |

## NOTICE OF MOTION

To: See Attached Service List

PLEASE TAKE NOTICE that on April 13, 2011 at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff or any Judge sitting in his stead, in the courtroom usually occupied by him in Room 744, 219 South Dearborn Street, Chicago, Illinois 60604, and shall then and there present the *Amended Final Application of Vedder Price P.C. for Allowance and Payment of Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 for the Period October 5, 2010 through November 30, 2010 and for Related Relief*, a copy of which is attached hereto.

Dated: Chicago, Illinois
       March 18, 2011

                              VEDDER PRICE P.C.


                              By:       /s/ Michael M. Eidelman
                                      One of Its Shareholders

Michael M. Eidelman (#6197788)
Stephanie K. Hor-Chen (#6283105)
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
(312) 609-7500 telephone
(312) 609-5005 facsimile
*Special Counsel for the Debtors*

# CERTIFICATE OF SERVICE

I, Michael M. Eidelman, an attorney, certify on this 18th day of March, 2011 that a true and correct copy of the *Amended Final Application of Vedder Price P.C. for Allowance and Payment of Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 for the Period October 5, 2010 through November 30, 2010 and for Related Relief* was filed with the Clerk of the U.S. Bankruptcy Court, Northern District of Illinois, using the CM/ECF filing system, which caused a copy to be electronically mailed to all CM/ECF participants registered to receive electronic notices in the above captioned case, and via U.S. Mail, postage pre-paid on the following:

| | |
|---|---|
| Patrick S. Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604 | Ronald R. Peterson<br>David H. Hixson<br>Jenner & Block LLP<br>353 N. Clark Street<br>Chicago, IL 60654 |
| Obed G. De La Cruz<br>Markle, De La Cruz LLP<br>17100 El Camino Real<br>Houston, TX 77058 | Richard E. Fee<br>1227 N. Franklin Street<br>Tampa, FL 33602 |
| Todd M. Pfeil<br>Pfeil, Millonzi & Curran, S.C.<br>1104 Mills Street<br>P.O. Box 348<br>Black Earth, WI 53515 | Markle G. Spencer<br>Markle, De La Cruz, LLP<br>17100 El Camino Real<br>Houston, TX 77058 |
| Kathleen M. Wade<br>1227 N Franklin Street<br>Tampa, FL 33602 | |

Dated: March 18, 2011            By:   /s/ Michael M. Eidelman

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGRI-BEST HOLDINGS, LLC, | ) | Case No. 10-44595 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |

**AMENDED FINAL APPLICATION OF VEDDER PRICE P.C. FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
PURSUANT TO 11 U.S.C. §§ 330 AND 331 FOR THE PERIOD
OCTOBER 5, 2010 THROUGH NOVEMBER 30, 2010 AND FOR RELATED RELIEF**

Vedder Price P.C. ("Vedder"), special labor and employment counsel to Agri-Best Holdings, LLC ("ABH") and Agri-Best Properties, LLC ("ABP" and together with ABH, the "Debtors"), pursuant to Sections 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois, hereby requests (a) final allowance and payment[1] of (i) compensation for services rendered from October 5, 2010 through and including November 30, 2010 (the "Subject Period") in the amount of $14,856.00[2], and (ii) reimbursement of $31.33 of expenses incurred in connection therewith for the Subject Period; and (b) authorization for Vedder to apply amounts awarded for services described in this Amended

---

[1] Prior to the Petition Date (defined herein), the Debtor transferred $85,000 to Vedder as a pre-payment for legal services to be rendered. As disclosed in the Motion to Employ (defined herein), Vedder applied a portion of this amount for such services. As of the Petition Date, Vedder was holding $21,889.01 ("Unused Retainer") in its client trust account.

[2] This amount includes $12,091.00 of actual time incurred through November 30, 2010 and 7.3 hours after December 1, 2010 (2.3 hours of shareholder time, 3.7 hours of associate time and 1.3 hours of paralegal time at a rate of $140 per hour) in connection with the preparation, filing and prosecution of the Original Application and this Amended Application.

Application against the Unused Retainer.[3]  In support of this Amended Application, Vedder states as follows:

**Background**

1.  On October 10, 2010 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.  On October 18, 2010, the Debtors filed their Application for Authority to Employ Vedder Price P.C. as Special Labor and Employment Counsel and for Approval of Compensation Arrangement Related Thereto (the "Motion to Employ") [Docket No. 48].

3.  On October 27, 2010, the Court entered its Order Authorizing Debtors to Employ Vedder Price P.C. as Special Labor and Employment Counsel and for Approval of Compensation Arrangement Related Thereto (the "Employment Order") [Docket No. 80], effective as of the Petition Date.

4.  On December 1, 2010, this Court entered an Order converting the Debtors Chapter 11 cases to Chapter 7.

5.  On January 26, 2011, Vedder filed the Final Application of Vedder Price P.C. for Allowance and Payment of Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 for the Period October 5, 2010 Through November 30, 2010 and for Related Relief (the "Original Application") [Docket No. 320].

6.  On February 22, 2011, the Court held a hearing on the Original Application.

7.  Vedder files this Amended Application to (i) include additional details to certain time entries listed on Exhibit A to the Original Application, (ii) include paralegal fees incurred

---

[3]  Vedder will remit the difference between the Unused Retainer and amounts awarded herein to the Chapter 7 Trustee.

by Vedder in connection with the filing of the Original Application, which fees were not previously requested in the Original Application, and (iii) include additional attorney fees incurred in connection with this Amended Application.

## Explanation of Services and Fees

8.    During the Subject Period, and pursuant to the Employment Order, Vedder provided the Debtors with the following legal services:

(a)    provided the Debtors with legal advice in the areas of labor law, employment law and employee benefits law;

(b)    assisted the Debtors in taking action with respect to the Illinois and federal Worker Adjustment and Retraining Notification Acts;

(c)    represented the Debtors with respect to their ongoing negotiations with the United Food and Commercial Workers International Union (the "Union") including, but not limited to, representing the Debtors in connection with the collective bargaining agreement with the Union;

(d)    assisted the Debtors in taking action with respect to claims that may be asserted against them by the Union; and

(e)    performed labor and/or employment related legal services on behalf of the Debtors.

9.    During the Subject Period, Vedder devoted a total of 24.10 hours to the performance of necessary and valuable services on behalf of the Debtors, for fees totaling $12,091.00, which Vedder requests be allowed and applied against the Unused Retainer. Attached to this Amended Application as **Exhibit A** is an itemized statement of Vedder's services setting forth, by date, a detailed description of services rendered during the Subject Period, on a daily basis, by each attorney who performed services for the Debtors, with the hours spent on such services by each such timekeeper and the amounts charged therefor during the Subject Period. **Exhibit B** was prepared from the time sheets and computer records regularly kept by Vedder.

10.Pursuant to the Employment Order, services for which the Debtors retained Vedder were to be rendered at hourly rates ranging from $560 to $520 for shareholders and $350 to $310 for associates. (Motion to Employ ¶ 9.) **Exhibit C** sets forth the names and positions of, total number of hours devoted by, hourly rates of, and total dollar amounts charged by the respective consultants who performed services for the Debtors during the Subject Period.

11.Vedder identified its services and recorded the time spent thereon in a manner which would most clearly and accurately explain and segregate by project the services it rendered.

12.Every attempt has been made to avoid duplication of services among the attorneys at Vedder; when more than one attorney participated in any matter, such joint participation was necessary because of the complexity of the issues involved, the various disciplines required, or the need to familiarize a person with such matters so that he or she could independently perform further necessary work thereon.

### Explanation of Expenses

13.In addition to the time expended by Vedder in its representation of the Debtors, Vedder incurred unreimbursed actual and necessary costs and expenses on behalf of the Debtors during the Subject Period in the sum of $31.33, which Vedder requests be allowed and paid at this time, as provided herein.

14.Vedder has not requested reimbursement for facsimile transmissions or photocopying expenses.

### Disclosures

15.All of the services and expenses for which compensation and reimbursement are hereby requested were rendered solely on behalf of the Debtors and not on behalf of any other entity. All such services are compensable pursuant to Bankruptcy Code §§ 330 and 331.

CHICAGO/#2173203.2

16. No agreement exists between Vedder and any person for the sharing of compensation received by Vedder in connection with this case, except as allowed by Bankruptcy Code § 504(b) and Fed. R. Bankr. P. 2016 with respect to sharing of compensation among members of Vedder.

WHEREFORE, Vedder respectfully requests that the Court enter an Order (a) allowing Vedder fees and expenses in the total amount of $14,887.33, consisting of (i) $12,091.00 for the actual and necessary legal services rendered by Vedder during the Subject Period; (ii) $2,765.00 in connection with the preparation, filing and prosecution of the Original Application and this Amended Application; and (iii) $31.33 for the actual and necessary expenses incurred on behalf of the Debtors during the Subject Period; (b) authorizing Vedder to apply all awarded amounts against the Unused Retainer; and (c) granting such other and further relief as the Court deems just and appropriate under the circumstances.

Dated: Chicago, Illinois
       March 18, 2011

                                             VEDDER PRICE P.C.


                                             By:       /s/ Michael M. Eidelman
                                                       One of Its Shareholders

Michael M. Eidelman (#6197788)
Stephanie K. Hor-Chen (#6283105)
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
(312) 609-7500 telephone
(312) 609-5005 facsimile
*Special Counsel for the Debtors*

CHICAGO/#2173203.2