# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-44595 |
| AGRI-BEST HOLDINGS, LLC, | ) | Hon. Eugene R. Wedoff |
| | ) | |
| Debtor. | ) | |
| | ) | |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant:   Shaw Gussis Fishman Glantz Wolfson & Towbin LLC

Authorized to Provide Professional Services to:   Agri-Best Holdings, LLC

Date of Order Authorizing Employment:   October 27, 2010

Period for Which Compensation is sought:   November 13, 2010 to June 3, 2011

Amount of Fees sought:   $63,574.00

Amount of Expense Reimbursement sought:   $2,348.14

This is an:   Interim Application ____   Final Application   X

This is the second and final application filed herein by this professional.   X

Applicant: Shaw Gussis Fishman Glantz Wolfson & Towbin LLC

Date: June 3, 2011     By:   */s/ Steven B. Towbin*
                              One of its attorneys

{10007-001 CVR A0291326.DOC}

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-44595 |
| AGRI-BEST HOLDINGS, LLC, | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Date:    June 28, 2011 |
| Debtor. | ) | Hearing Time:    9:30 a.m. |
| | ) | |

**NOTICE OF MOTION**

**TO: Attached Service List**

   **PLEASE TAKE NOTICE** that on June 28, 2011 at 9:30 a.m., I shall appear before the Honorable Eugene R. Wedoff, Bankruptcy Judge, in Courtroom No. 744, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **SECOND AND FINAL FEE APPLICATION OF SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC, AS COUNSEL FOR AGRI-BEST HOLDINGS, LLC, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF,** at which time you may appear if you deem fit.

Dated:  June 3, 2011               Respectfully submitted,

                    Shaw Gussis Fishman Glantz
                      Wolfson & Towbin LLC

                    By:    */s/ Steven B. Towbin*

Steven B. Towbin (#2848546)
Peter J. Roberts (#6239025)
Kimberly Bacher (#6285677)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile

**CERTIFICATE OF SERVICE**

Steven B. Towbin certifies that he caused to be served a true copy of the above and foregoing **NOTICE OF MOTION** and **SECOND AND FINAL FEE APPLICATION OF SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC, AS COUNSEL FOR AGRI-BEST HOLDINGS, LLC, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF** upon the attached Service List via ECF Electronic Mail Notice and electronic mail where indicated on this 3rd day of June, 2011.

/s/ Steven B. Towbin

# Mailing Information for Case 10-44595

## Electronic Mail Notice List

- Thomas J. Angell    tangell@jbosh.com
- Deborah S Ashen    dsa@ashenlaw.com
- Kimberly A Bacher    kbacher@shawgussis.com
- Michael T. Benz    benz@chapman.com, eickmann@chapman.com
- Abraham Brustein    abrustein@dimonteandlizak.com, dbecker@dimontelaw.com
- Francisco Connell    fconnell@chuhak.com, kgord@chuhak.com
- Mark D Conzelmann    mark.conzelmann@kattenlaw.com
- Devon J Eggert    deggert@freebornpeters.com, bkdocketing@freebornpeters.com
- Michael M. Eidelman    meidelman@vedderprice.com, ecf-docket@vedderprice.com
- Thomas R. Fawkes    tfawkes@freebornpeters.com, bkdocketing@freebornpeters.com
- Richard H Fimoff    rfimoff@rsplaw.com, fb@rsplaw.com
- David J Frankel    dfrankel@sormanfrankel.com, bbehanna@sormanfrankel.com
- Edward P. Freud    epfreud@rwrlaw.com
- Jennifer B Herzog    jherzog@gklaw.com, zraiche@gklaw.com;mroufus@gklaw.com
- M. Garrett Hohimer    ghohimer@jbosh.com
- Timothy M Hughes    thughes@lavellelaw.com
- Steve Jakubowski    sjakubowski@colemanlawfirm.com

- Richard S Lauter     rlauter@freebornpeters.com, bkdocketing@freebornpeters.com

- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov

- Richard J Leamy     rjleamy@wmlaw.com

- William W. Leathem     wleathem@jbosh.com

- Michael Joseph Linneman     linnemanm@jbltd.com

- James M McClintick     jmmcclintick@wmlaw.com

- Henry B. Merens     hbm@ag-ltd.com

- Jeffrey Pawlitz     jpawlitz@kirkland.com, alyssa.qualls@kirkland.com;paul.helms@kirkland.com

- Ronald R Peterson     rpeterson@jenner.com, rpeterson@ecf.epiqsystems.com;docketing@jenner.com

- Peter J Roberts     proberts@shawgussis.com

- Jennifer Rojas     rojas@dlec.com, stein@dlec.com

- Nathan Q. Rugg     nqr@ag-ltd.com, asandy@ag-ltd.com

- Andrew R Schwartz     andy@schwartz-lawyer.com

- Marylynne K Schwartz     mschwartz@shawgussis.com

- Timothy M Swanson     swanson@dlec.com, stein@dlec.com

- Steven B Towbin     stowbin@shawgussis.com

- Jon C Vigano     jvigano@schiffhardin.com, edocket@schiffhardin.com;rkafferly@schiffhardin.com

- Richard Wohlleber     wohlleber@chapman.com, benz@chapman.com;lombardo@chapman.com

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-44595 |
| AGRI-BEST HOLDINGS, LLC, | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Date:   June 28, 2011 |
| Debtor. | ) | Hearing Time:   9:30 a.m. |
| | ) | |

**SECOND AND FINAL FEE APPLICATION OF SHAW GUSSIS FISHMAN GLANTZ
WOLFSON & TOWBIN LLC, AS COUNSEL FOR AGRI-BEST HOLDINGS, LLC, FOR
ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES AND FOR RELATED RELIEF**

Steven B. Towbin and the law firm of Shaw Gussis Fishman Glantz Wolfson & Towbin LLC (collectively, "Shaw Gussis") applies to this Court (the "Final Application"), pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(i), 2016(a) and 9007, for the (i) final allowance and payment of $63,574.00 in compensation for 161.80 hours of professional services (the "Services") rendered on behalf of Agri-Best Holdings, LLC ("ABH") and for the reimbursement of $2,348.14 for expenses (the "Expenses") incurred incidental to the Services during the period of November 13, 2010 to June 3, 2011 (the "Application Period"); and (ii) final approval of interim compensation and expense reimbursement previously applied for and awarded by this Court on an interim basis.  In support of this Final Application, Shaw Gussis respectfully states as follows:

**BACKGROUND**

1.   On November 13, 2010 (the "Petition Date"), ABH and Agri-Best Properties, LLC ("ABP" and together with ABH, the "Debtors"), each filed a voluntary petition in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned cases (the "Cases").

{10007-001 APPL A0290877.DOC 4}

2. ABH's case was converted to one under chapter 7 of the Bankruptcy Code effective on December 1, 2010 (the "Conversion Date"). On or about December 1, 2010, Ronald Peterson of Jenner & Block (the "Trustee") was appointed as chapter 7 trustee for the ABH estate.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

## RETENTION OF SHAW GUSSIS

4. On October 18, 2010, the Debtors applied to the Court for an order approving the retention of Shaw Gussis as general bankruptcy counsel in connection with the Cases and the compensation arrangement related thereto (the "Retention Application"). On November 24, 2010, this Court entered an order approving the Retention Application and authorizing the Debtors to employ Shaw Gussis as their general bankruptcy counsel in connection with the Cases effective as of the Petition Date (the "Retention Order").

## THE SERVICES RENDERED BY SHAW GUSSIS

5. From and after the inception of Shaw Gussis' representation of ABH up to and including the present time, Shaw Gussis has served as legal counsel to ABH with respect to all bankruptcy matters that have arisen in or with respect to its case.

6. Attached hereto and made a part hereof is Exhibit A, which includes the invoices for Services rendered by Shaw Gussis to ABH for the period from November 13, 2010 through the Conversion Date (the "Chapter 11 Invoices"). Attached hereto and made a part hereof is Exhibit B, which includes the invoices for Services rendered by Shaw Gussis to ABH for the period following the Conversion Date through June 3, 2011 (the "Chapter 7 Invoices" and together with the Chapter 11 Invoices, the "Invoices").

{10007-001 APPL A0290877.DOC 4}                           2

7. All of the Services for which compensation is requested were rendered in connection with ABH's case and related matters. All of the time described in Exhibits A and B represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by attorneys of Shaw Gussis who rendered the described services. In certain instances, the time reflected in the exhibits has been reduced in an effort by Shaw Gussis to eliminate excessive, duplicative or, in hindsight, unnecessary or unproductive services.

8. The hourly rates charged by the bankruptcy professionals of Shaw Gussis who worked on ABH's case and whose time is a part of the Services are as follows:

| **Members** | **Rate**[1] |
|---|---|
| Steven B. Towbin | $600.00/$625.00 |
| Robert W. Glantz | $475.00 |
| Peter J. Roberts | $450.00 |
| Allen J. Guon | $380.00 |
| **Of Counsel** | **Rate** |
| Richard M. Fogel | $420.00 |
| **Associates** | **Rate** |
| Kimberly Bacher | $290.00/$315.00 |
| Marylynne Schwartz | $245.00 |
| **Paralegals** | **Rate** |
| Patricia M. Fredericks | $180.00 |
| Bernard Thomas | $75.00/$125.00 |

These rates are based on the experience and expertise of the respective personnel.

9. The Services have required a total of 161.80 hours on the part of Shaw Gussis as more fully set forth in the Invoices. See Exhibits A and B. Based upon the customary and reasonable rates charged by Shaw Gussis for services in cases under the Bankruptcy Code and for services other than services rendered in cases under the Bankruptcy Code, the fair and

---

[1] On January 1, 2011, Shaw Gussis increased the hourly billing rates of certain of its professionals. Professionals in the chart below with two billing rates reflect the billing rate prior to January 1, 2011, and the billing rate post January 1, 2011.

{10007-001 APPL A0290877.DOC 4} 3

reasonable value of the Services is not less than $63,574.00 (the "Final Compensation Request"). All of the Services for which compensation is requested were Services which, in Shaw Gussis' billing judgment, were necessarily rendered after due consideration of the expected cost and anticipated benefit of such Services.

10. Hereinbelow, the Court will find a narrative, by category, of the Services provided by Shaw Gussis to the Debtors (the "Summaries") separated by the Chapter 7 Invoices and the Chapter 11 Invoices. The narrative is provided for all categories of Services in which at least $1,500 of compensation is requested. The Invoices have a detailed description of all Services, by category, regardless of the amount requested.

A. **CHAPTER 11 INVOICES**

**Automatic Stay**

11. Shaw Gussis expended 7.40 hours of professional services having a value of $4,192.00 in connection with services related to the automatic stay imposed by § 362(a) of the Bankruptcy Code (the "Automatic Stay"). Specifically, this category of Services includes: (i) reviewing and analyzing motions to modify the Automatic Stay filed by multiple secured creditors; (ii) engaging in multiple conferences with counsel to the moving secured creditors; (iii) reviewing and editing proposed agreed orders regarding relief from the Automatic Stay; and (iv) conducting legal research regarding whether certain of the secured creditors posses true leases or disguised security agreements.

**Case Administration**

12. Shaw Gussis expended 38.50 hours of professional services having a value of $17,985.50 in connection with services pertaining to general case administration, including but not limited to, preparation for and participation in hearings, meetings, telephone conferences and

other activities where various subject matters were discussed, analyzed, or otherwise acted upon. Specifically, this category of Services includes: (i) reviewing ABH's monthly summaries of cash receipts and disbursements; (ii) conferring with the Office of the United States Trustee and the former unsecured creditors' committee (the "Committee") regarding the order authorizing the joint administration of the Cases; (iii) reviewing and addressing the Committee's objection to the Debtors' request to vacate the order authorizing joint administration of the Cases; (iv) preparing for and attending hearings in the Bankruptcy Court; (v) preparing for and presenting an emergency motion regarding ABH's landlord's interference with the removal of equipment from the premises and negotiating and finalizing a settlement with the landlord; (vi) drafting a motion to convert ABH's case to one under Chapter 7 of the Bankruptcy Code (the "Motion to Convert"); (vii) participating in multiple conferences with Wells Fargo Bank, N.A. ("Wells Fargo") and Advantage Capital Community Development Fund XXV, LLC ("Advantage" and together with Wells Fargo, the "Prepetition Lenders") regarding the continued administration of the Cases; and (viii) reviewing and analyzing the Committee's adversary complaints filed against the Prepetition Lenders.

### Employee Issues

13.    Shaw Gussis expended 6.20 hours of professional services having a value of $2,975.00 in connection with services rendered in connection with issues related to ABH's employees.    Specifically, this category of Services includes: (i) conducting legal research regarding claims asserted by ABH's employees' union (the "Union") pursuant to the Worker Adjustment and Retraining Notification ("WARN") Act; (ii) reviewing and analyzing the adversary proceeding filed by the Union (the "WARN Complaint"); (iii) addressing the claims

{10007-001 APPL A0290877.DOC 4}    5

asserted in the WARN Complaint with counsel for the Union; and (iv) reviewing the Union's withdrawal of the WARN Complaint.

### Executory Contracts

14. Shaw Gussis expended 3.40 hours of professional services having a value of $1,545.00 in connection with services rendered in connection with certain of ABH's executory contracts. Specifically, this category of Services includes: (i) reviewing and analyzing ABH's lease (the "Lease") for its commercial space located at 4220 S. Kildare, Chicago, Illinois (the "Leased Property"); (ii) drafting and filing a motion to reject the Lease; and (iii) conferring with counsel for the landlord of the Leased Property.

### Fee Applications

15. Shaw Gussis expended 15.90 hours of professional services having a value of $6,240.00 in connection with services rendered in connection with the payment of professionals. Specifically, this category of Services includes: (i) reviewing, summarizing and calculating all fees and expenses incurred by Shaw Gussis as counsel for the Debtors in connection with the First Interim Application of Shaw Gussis for Allowance and Payment of Compensation and Reimbursement of Expenses and for Related Relief (the "First Interim Fee Application"); (ii) drafting, editing and serving the First Interim Fee Application, including the professional fees cover sheet, proposed order and all applicable exhibits; (iii) working on the First Interim Application of Focus Management Group USA, Inc. and preparing the professional fees cover sheet and proposed order (the "Focus Fee Application"); (iv) preparing and filing an amendment to the Focus Fee Application; and (v) conferring with the Office of the United States Trustee regarding the First Interim Fee Application and the Focus Fee Application.

**Sale Process**

16.     Shaw Gussis expended 15.60 hours of professional services having a value of $7,313.50 in connection with services related to the sale of ABH's assets. Specifically, this category of services includes: (i) responding to inquiries from parties interested in purchasing ABH's assets; (ii) facilitating the sale of ABH's Thermoformer R 245 to the highest bidder which yielded a purchase price of $117,500.00; (iii) preparing and revising a trademark assignment agreement to sell ABH's trademark "A Cut Above" and preparing a motion seeking approval of the same; and (iv) coordinating the sale of ABH's assets and addressing related issues with the Prepetition Lenders.

**Statements and Schedules**

17.     Shaw Gussis expended 35.50 hours of professional services having a value of $7,072.00 in connection with the preparation and filing of ABH's schedules and statements of financial affairs. Specifically, this category of Services includes: (i) extensively consulting ABH in the preparation of the ABH's schedules and statement of financial affairs; (ii) organizing and synthesizing the information regarding ABH's financial affairs in order to reflect the same in the schedules and statement of financial affairs; and (iii) drafting, reviewing, revising and finalizing ABH's schedules and statement of financial affairs.

A.     **CHAPTER 7 INVOICES**

**Case Administration**

18.     Shaw Gussis expended 17.90 hours of professional services having a value of $8,347.00 in connection with services pertaining to general case administration. Specifically, this category of Services includes: (i) reviewing and addressing issues related to the payment of ABH's taxes; (ii) preparing, revising and finalizing a report pursuant to Bankruptcy Rule 1019;

(iii) participating in multiple telephone conferences and in-person meetings with ABH and the Trustee; (iv) preparing for and attending the meeting of creditors; (v) reviewing motions and other filings in ABH's case; and (vi) reviewing and responding to the Trustee's inquiries regarding the retainer held by Shaw Gussis.

### Fee Applications

19. Shaw Gussis expended 14.60 hours of professional services having a value of $5,027.00 in connection with services rendered in connection with the payment of professionals. Specifically, this category of Services includes: (i) conferring with Wells Fargo regarding the payment of professionals; (ii) preparing and presenting a fee application for Gaido & Fintzen, as special counsel to ABH; (iii) reviewing, summarizing and calculating all fees and expenses incurred by Shaw Gussis as counsel for ABH in connection with the Final Application; and (iv) drafting, editing and serving the Final Application, including the professional fees cover sheet, proposed order and all applicable exhibits.

### SUMMARY OF SERVICES RENDERED BY PROFESSIONAL

20. In summary, the lodestar amount of compensation sought with respect to the Services is $63,574.00 (the "Lodestar Amount"). In addition, the total compensation sought for each professional with respect to the aforementioned categories as set forth in Exhibits A and B can be summarized as follows:

### PROFESSIONAL RATE CHARTS

**Chapter 11 Invoices**

| Professional | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Steven B. Towbin | Member | 600.00 | 45.70 | $27,420.00 |
| Robert W. Glantz | Member | 475.00 | 0.50 | $237.50 |
| Peter J. Roberts | Member | 450.00 | 8.20 | $3,690.00 |
| Allen J. Guon | Member | 380.00 | 4.90 | $1,862.00 |

{10007-001 APPL A0290877.DOC 4}    8

| Professional | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Richard M. Fogel | Of Counsel | 420.00 | 0.30 | $126.00 |
| Kimberly Bacher | Associate | 290.00 | 32.90 | $9,541.00 |
| Marylynne Schwartz | Associate | 245.00 | 4.10 | $1,004.50 |
| Patricia M. Fredericks | Paralegal | 180.00 | 31.00 | $5,580.00 |
| Bernard Thomas | Paralegal | 75.00 | 0.20 | $15.00 |
| | | **Total:** | **127.80** | **$49,476.00** |

**Chapter 7 Invoices**

| Professional | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Steven B. Towbin | Member | 625.00 | 3.50 | $2,187.50 |
| Steven B. Towbin | Member | 600.00 | 9.40 | $5,640.00 |
| Allen J. Guon | Member | 380.00 | 0.40 | $152.00 |
| Kimberly Bacher | Associate | 315.00 | 8.80 | $2,772.00 |
| Kimberly Bacher | Associate | 290.00 | 11.00 | $3,190.00 |
| Patricia M. Fredericks | Paralegal | 180.00 | 0.80 | $144.00 |
| Bernard Thomas | Paralegal | 125.00 | 0.10 | $12.50 |
| | | **Total:** | **34.00** | **$14,098.00** |

21.     The hourly rates charged by Shaw Gussis compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Gussis attorneys and paralegals. Further, the amount of time spent by Shaw Gussis with respect to its representation of ABH is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake and the sophistication and experience of opposing counsel.

22.     The Lodestar Amount for all of the services rendered by Shaw Gussis during the Application Period is $63,574.00. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled

practitioners in other bankruptcy and non-bankruptcy matters, Shaw Gussis respectfully submits that the Lodestar Amount represents a fair and reasonable amount for the allowance of interim compensation in this case.

## THE EXPENSES REQUESTED

23. All of the Expenses for which reimbursement is requested are expenses which Shaw Gussis customarily recoups from all of its clients. The types of costs for which reimbursement is sought are listed below:

| | |
|---|---|
| Internal Photocopy | 10¢ per page |
| Commercial/Court Photocopy | actual cost |
| Commercial Messenger | actual cost |
| Long Distance Telephone | actual cost |
| Local Telephone | no charge |
| Outgoing Facsimiles | no charge |
| Incoming Facsimiles | no charge |
| CMECF/Pacer | actual cost |
| Postage | actual cost |
| Overnight Delivery (*e.g.*, Federal Express) | actual cost |
| Filing/Recording Fees | actual cost |
| Deposition Costs | actual cost |
| Local and Long Distance Travel | actual cost |

24. The specific Expenses for which reimbursement is requested during the Application Period are as follows:

| Copying Services | $1,000.00 |
|---|---|
| Photocopy | $326.90 |
| *Westlaw* | *$501.75*[2] |
| Pacer | $273.84 |
| Federal Express/Shipping | $187.58 |
| Filing Fees | $228.20 |
| Messenger | $132.23 |
| Parking/Taxi | $135.00 |
| Postage | $64.39 |
| **TOTAL**: | **$2,348.14** |

25.     All of the Expenses for which reimbursement is sought are costs actually borne by Shaw Gussis and were necessarily incurred in connection with this case.

26.     As noted previously, all of the Expenses for which reimbursement is requested are of the type and amount of expense that Shaw Gussis customarily recoups from all of Shaw Gussis' clients.  Further, the expenses for which reimbursement is sought constitute the types and amounts generally allowed by bankruptcy judges in this and other districts.  Exhibits A and B contain an itemization for all Expenses for which reimbursement is sought through this Final Application.

**COMPENSATION AND EXPENSES RECEIVED TO DATE BY SHAW GUSSIS**

27.     Pursuant to an order entered by this Court on November 30, 2010 (the "First Interim Order") [Docket No. 276], Shaw Gussis has been allowed $143,319.54 in fees and expenses on an interim basis (the "Previously Allowed Fees and Expenses").

28.     As reflected in the First Interim Fee Application and as authorized pursuant to the First Interim Order, as of March 31, 2011, Shaw Gussis has an advance payment retainer in the amount of $92,715.00 (the "ABH Retainer").  The ABH Retainer was provided to Shaw Gussis pursuant to the Engagement and Retainer Agreement dated September 9, 2010 and attached

---

[2] The Invoices reflect Westlaw charges in the amount of $501.75.  Reimbursement of this expense is not being sought herein.

{10007-001 APPL A0290877.DOC 4}          11

hereto as Exhibit C (the "Engagement Letter"). The Engagement Letter provides in relevant part:

> The Firm's policy is to obtain a retainer for all new clients. The retainer being paid is an advance payment retainer, which means that once received, the funds become the property of the Firm and will not be deposited and held in a client trust account. The retainer will be deposited in the Firm's general account and applied to the Firm's invoices. At the conclusion of this engagement, if any unapplied retainer remains, the Firm will issue a refund, without interest, to the Company. Although clients have the right to require that the Firm hold the retainer as a security retainer, meaning the funds remain the property of the clients and are deposited in a client trust fund account, under the circumstances of this engagement and the risk that if held as a security retainer, the funds may be exposed to attachment, we recommend that the retainer be paid as an advance payment retainer. Given the potential risk of attachment, the Firm is only willing to undertake this engagement if the retainer is paid as an advance payment retainer.

See Exhibit C.

29. The ABH Retainer represents an advance payment retainer, and as such, it is not property of ABH's estate. *In re McDonald Bros. Const., Inc.,* 114 B.R. 989, 998-99 (Bankr. N.D. Ill. 1990); *Dowling v. Chicago Options Associates, Inc.,* 226 Ill. 2d 277, 286-87, 875 N.E.2d 1012, 1018 (2007) ("This type of retainer [the advance payment retainer] consists of a present payment to the lawyer in exchange for the commitment to provide legal services in the future. Ownership of this retainer passes to the lawyer immediately upon payment.").

30. Since the ABH Retainer does not constitute property of the ABH estate, Shaw Gussis requests that it be authorized to remit the balance of the ABH Retainer, after application of the fees and expenses authorized herein, to Wells Fargo. As ABH's senior secured lender, Wells Fargo has a lien on any refund due to ABH to secure the balance of its claim, which claim far exceeds the difference in the ABH Retainer and any fees and expenses authorized herein.

31. Pursuant to a letter dated April 25, 2011, the Trustee requested that Shaw Gussis remit the ABH Retainer to the Trustee. Shaw Gussis' response is reflected in the letter attached

hereto as Exhibit D (the "Response Letter").  As reflected in the Response Letter, Shaw Gussis was hesitant to turn over the ABH Retainer until it was clear that Shaw Gussis was not going to be required to render services on behalf of ABH in connection with any investigation efforts that may be pursued by Mr. Lauter as special counsel to the Trustee.

32. As of the date hereof, ABH has been dissolved and has no employees or officers. ABH's former president, Boleslaw J. Kulach, filed a petition for relief under Chapter 7 of the Bankruptcy Code on January 5, 2011.  For all practical purposes, Shaw Gussis no longer has a client to report to.  In the event that Mr. Lauter issued discovery requests on ABH, Shaw Gussis would have no client to consult with in connection with appropriately responding to any such requests.  Shaw Gussis should not be burdened with representing a client that no longer exists. Accordingly, in connection with turning over of the balance of the ABH Retainer, Shaw Gussis requests an order authorizing it to withdraw as counsel to ABH in this case.

## COMPLIANCE WITH SECTION 504

33. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Gussis and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Gussis.

## NOTICE

34. Notice of this Final Application has been given to: (a) the Office of the United States Trustee; (b) the Trustee; and (c) those parties requesting notice in ABH's case.  Based on the extent of notice already provided, the presence of the Trustee and the costs and burdens of transmitting notice to all of ABH's creditors, Shaw Gussis respectfully requests that additional notice of the hearing on this Final Application be excused for good cause shown pursuant to Fed. R. Bankr. P. 2006(a)(6), 2002(i) and 9007.

WHEREFORE, Shaw Gussis requests the entry of an order, substantially in the form attached hereto that:

(a) allows Shaw Gussis $63,574.00 in compensation for the Application Period;

(b) allows Shaw Gussis $2,348.14 in expense reimbursement for the Application Period;

(c) authorizes Shaw Gussis to apply the ABH Retainer to the balance due to Shaw Gussis pursuant to the Final Application;

(d) authorizes Shaw Gussis to remit the balance of the ABH Retainer after payment of its fees and expenses authorized herein to Wells Fargo;

(e) approves on a final basis the Previously Allowed Fees and Expenses;

(f) waives other and further notice of the hearing with respect to the Final Application;

(g) authorizes Shaw Gussis to withdraw as counsel to ABH; and

(h) provides Shaw Gussis with such additional relief as may be appropriate under the circumstances.

Dated: June 3, 2011

Respectfully submitted,

Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC

By: */s/ Steven B. Towbin*

Steven B. Towbin (#2848546)
Peter J. Roberts (#6239025)
Kimberly Bacher (#6285677)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151 telephone
(312) 980-3888 facsimile

{10007-001 APPL A0290877.DOC 4}