**FILED**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOV 2 0 2012

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

In re: )
)
) Case No. 10 B 44595
AGRI-BEST HOLDINGS, LLC )
)
)
) Chapter 7
Debtor. )
)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO FREEBORN & PETERS LLP, SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR ALLOWANCE AND PAYMENT OF <u>INTERIM</u> COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $153,080.46 | TOTAL COSTS REQUESTED: | $16,417.82 |
| TOTAL FEES REDUCED: | $0.00 | TOTAL COSTS REDUCED: | $492.46 |
| TOTAL FEES ALLOWED: | $153,080.46 | TOTAL COSTS ALLOWED: | $15,925.36 |

**TOTAL FEES AND COSTS ALLOWED: $169,005.82**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(6)     Meal Expenses**

The Court denies the allowance of reimbursement of this meal expense. *In re Covent Guardian Corp.*, 103 B.R. 937, 942 (Bankr. N.D. Ill. 1989) ("[I]t is highly unlikely that counsel could prove that the meal expenses were reasonably necessary for the proper representation of the debtor . . . If the attorney were not working on the case, he would still have to eat. Accordingly, the Court finds that, except in very limited circumstances, local meals are not reasonably necessary for the proper representation of the client.").

**(11)    Overhead Costs are Non-Compensable**

The Court denies reimbursement for fees or expenses that are overhead costs. Expenses which are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Covent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)).

Dated: November 20, 2012

_____
Eugene R. Wedoff
United States Bankruptcy Judge

Freeborn & Peters LLP

4                                                October 30, 2012

Jul 12, 2012        PYC        Air Express Delivery                            13.31
                               Ronald Peterson Esq 18057

**DISBURSEMENT SUMMARY**

| | |
|---|---|
| Photocopying | 623.60 |
| Computer Legal Research - Westlaw | 138.55 |
| Color copies | 110.00 |
| Postage | 183.96 |
| Local Messenger Delivery | 6.05 |
| Air Express Delivery | 37.76 |
| Local Transportation | 119.70 |
| Computer Legal Research - LEXIS | 281.79 |
| Meal and Conference Expense | 72.12 |
| TOTAL DISBURSEMENTS | $1,573.53 |

**TOTAL FEES AND DISBURSEMENTS**                $1,573.53

2735718v1