**FILED**

**SEP -4 2013**

**EUGENE R. WEDOFF,
BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: )
)
) Case No. 10 B 44595
AGRI-BEST HOLDINGS, LLC )
)
)
) Chapter 7
Debtor. )
)

# FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO JENNER & BLOCK LLP, ATTORNEYS FOR TRUSTEE, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $66,142.00 | TOTAL COSTS REQUESTED: | $3,658.02 |
| TOTAL FEES REDUCED: | $989.25 | TOTAL COSTS REDUCED: | $79.20 |
| TOTAL FEES ALLOWED: | $65,152.75 | TOTAL COSTS ALLOWED: | $3,578.82 |

**TOTAL FEES AND COSTS ALLOWED: $68,731.07**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(2)  Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman,* 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.,* 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.,* 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

**(6)  Meal Expenses**

The Court denies the allowance of reimbursement of this meal expense. *In re Covent Guardian Corp.,* 103 B.R. 937, 942 (Bankr. N.D. Ill. 1989) ("[I]t is highly unlikely that counsel could prove that the meal expenses were reasonably necessary for the proper representation of the debtor . . . If the attorney were not working on the case, he would still have to eat. Accordingly, the Court finds that, except in very limited circumstances, local meals are not reasonably necessary for the proper representation of the client.").

Dated: September 4, 2013

/s/ Eugene R. Wedoff
Eugene R. Wedoff
United States Bankruptcy Judge

| Expense Summary | |
|---|---|
| Category | AMOUNT |
| Outside Professional Services | $3,043.59 |
| Pacer Charges | $170.42 |
| Special Messenger Service | $153.56 |
| Postage Expense | $87.95 |
| Business Meals | $79.20 |
| Automation Equipment Charges | $48.24 |
| Ups | $32.03 |
| Photocopy | $22.40 |
| In-City Transportation | $18.85 |
| Telephone Expense | $1.68 |
| Photocopy Expense | $0.10 |
| Total | $3,658.02 |

*Handwritten annotations:* ✓ next to Category; 6 circled; Business Meals circled → "local or out of town?"; −79.20; 3,578.82 circled.

LAW OFFICES                                          Page 2

**JENNER & BLOCK LLP**
353 N. CLARK STREET
CHICAGO, ILLINOIS 60654-3456
(312) 222-9350

| Date | Initials | Hours | Description | Amount |
|---|---|---|---|---|
| 3/10/2011 | LTY | 1.70 | Prepared notice of motion and certificate of service re motion to employ A. Lasko (.50); made final proof of same (.30); updated same (.20); prepared fillable proposed order (.30); readied same and exhibit for ECF filing (.30); e-filed same (.10). | 476.00 |
| 3/15/2011 | MJK | 1.00 | Attended hearing to retain Lasko. | 505.00 |
| 11/1/2012 | LTY | 2.20 | Prepared notice of motion and certificate of service re A. Lasko's first fee application (.40); assembled service list for same (.30); prepared fillable proposed order (.50); prepared covered sheet for same (.30); readied same for ECF filing (.50); e-filed same (.20). | 649.00 |
| 11/1/2012 | DHHX | 0.30 | Worked on A. Lasko fee application. | 165.00 |
| 11/27/2012 | LTY | 0.20 | Assisted with hearing preparation re Lasko's fee application. | 59.00 |
| 11/28/2012 | DHHX | 0.80 | Prepared for and attended hearing on A. Lasko fee application. | 440.00 |
| 4/4/2013 | LTY | 2.20 | Prepared notice of motion and certificate of service re A. Lasko's 2nd fee application (.50); assembled service list for same (.30); prepared fillable proposed order (.40); prepared covered sheet for same (.40); readied same for ECF filing (.40); e-filed same (.20). | 682.00 |
| 4/30/2013 | MJK | 0.80 | Traveled to and attended Lasko fee application hearing. | 472.00 |
| 5/6/2013 | MJK | 0.80 | Worked on fee application. | 472.00 |
| 6/24/2013 | LTY | 0.20 | Reviewed docket re status of Lasko's 2nd Fee Application (.10); downloaded Lasko 2nd fee order (.10). | 62.00 |
| | | 20.80 | PROFESSIONAL SERVICES | $8,413.50 |

MATTER 10006 TOTAL                                    $8,413.50

*Handwritten annotations:* Calculation w/ T's atty. A. Lasko fee app. = $4,166.5 − 989.25 = $3,177.25