## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AGRI-BEST HOLDINGS, LLC, | ) | Case No. 10-44595 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | Hearing:  July 15, 2014 at 9:30 a.m. |

### NOTICE OF FINAL FEE APPLICATION OF FREEBORN & PETERS LLP
### AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE
### AND REQUEST FOR LIMITED NOTICE

To:     Service List

PLEASE TAKE NOTICE that on June 24, 2014, Freeborn & Peters LLP ("*F&P*") filed its *Final Fee Application of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee* (the "*Final Fee Application*") with the United States Bankruptcy Court for the Northern District of Illinois.  Through the Final Fee Application, F&P seeks entry of an order (a) for allowance and final approval of $368,644.80 in compensation for legal services rendered by F&P to Ronald R. Peterson, not individually, but solely as the chapter 7 trustee (the "*Trustee*") of the above-captioned debtor incurred from January 10, 2011 through June 24, 2014 (the "*Final Fee Application Period*"), and reimbursement of $20,405.69 for actual and necessary expenses incurred by F&P during the Final Fee Application Period; and (b) authorizing and directing the Trustee to make payment to F&P in the amount of $124,441.22, representing compensation and expenses requested by F&P for January 10, 2011 through June 24, 2014, consisting of all unpaid compensation and expenses incurred on behalf of the Trustee.

PLEASE TAKE FURTHER NOTICE THAT a hearing on the Final Fee Application will take place before the Honorable Eugene R. Wedoff of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or whomever may be sitting in his place and stead, at 219 South Dearborn Street, Courtroom 644, Chicago, Illinois on July 15, 2014, at 9:30 a.m.

Objections, if any, to the relief requested in the Application must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois prior to the hearing on the Application.

At the same time, you should also serve a copy of the objection upon the following so as to be received prior to the hearing on the Application: Freeborn & Peters LLP, 311 South Wacker Dr., Suite 3000, Chicago, Illinois 60606 (Attn:  Thomas R. Fawkes).

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: June 24, 2014

**FREEBORN & PETERS LLP**

By:         /s/ Thomas R. Fawkes

Richard S. Lauter (No. 6182859)
Thomas R. Fawkes (No. 6277451)
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone:  312.360.6000
Facsimile:  312.360.6520

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AGRI-BEST HOLDINGS, LLC, | ) | Case No. 10-44595 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Thomas R. Fawkes, an attorney, hereby certify that on June 24, 2014, I caused a true and correct copy of the foregoing *Notice of Fee Application* and *Final Fee Application of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee and Request for Limited Notice* to be filed with the Court and served upon the following parties by the manner listed.

_____/s/ Thomas R. Fawkes_____

**Service List**

**CM/ECF Notice List**

Thomas J. Angell  tangell@jbosh.com
Librado Arreola  la@ulaw.com
Deborah S. Ashen  dsa@ashenlaw.com
Kimberly A. Bacher  kbacher@shawgussis.com
Michael T. Benz  benz@chapman.com
Abraham Brustein  abrustein@dimonteandlizak.com
Francisco E. Connell  fconnell@chuhak.com
Mark D. Conzelmann  mark.conzelmann@kattenlaw.com
Joseph E. Cwik  joseph.cwik@huschblackwell.com
Devon J. Eggert  deggert@freebornpeters.com
Micahel M. Eidelman  meidelman@vedderprice.com
Richard H. Fimoff  rfimoff@rsplaw.com
David J. Frankel  dfrankel@sormanfrankel.com
Edward P. Freud  epfreud@rfbnlaw.com
Reed A. Heiligman  rheiligman@fgllp.com
Jennifer B. Herzog  jherzog@gklaw.com
M. Garrett Hohimer  ghohimer@jbosh.com
Timothy M. Hughes thughes@lavellelaw.com
Steve Jakubowski  sjakubowski@colemanlawfirm.com
Richard S. Lauter rlauter@freebornpeters.com
Patrick S. Layng USTPRegion11.es.ecf@usdoj.gov
Richard J. Leamy  rjleamy@wmlaw.com

William W. Leathem  wleathem@jbosh.com
Michael Joseph Linneman  linnemanm@jbltd.com
James M. McClintick  jmmcclintick@wmlaw.com
Henry B. Merens  hbm@ag-ltd.com
Rachel S. Nevarez  rsnevarez@wmlaw.com
Timothy F. Nixon  tnixon!gklaw.com
Jeffery Pawlitz  jpawlitz@kirkland.com
Ronald Peterson  rpeterson@jenner.com
Peter J. Roberts  proberts@shawgussis.com
Jennifer Rojas  rojas@dlec.com
Nathan Q. Rugg  nqr@ag-ltd.com
Andrew R. Schwartz  andy@schwartz-lawyer.com
Alon Stein  astein@kr-law.com
Timothy M. Swanson swanson@dlec.com
Steven B. Towbin  stowbin@shawgussis.com
Richard Wohlleber  wohlleber@chapman.com

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AGRI-BEST HOLDINGS, LLC, | ) | Case No. 10-44595 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | Hearing:  July 15, 2014 at 9:30 a.m. |

## FINAL FEE APPLICATION OF FREEBORN & PETERS LLP AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE AND REQUEST FOR LIMITED NOTICE

Freeborn & Peters LLP ("*F&P*"), special counsel to Ronald R. Peterson, not individually, but solely as the chapter 7 trustee (the "*Trustee*") appointed in the above-captioned chapter 7 case, hereby submits this *Final Fee Application of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee* (the "*Final Fee Application*"), seeking entry of an order (a) for allowance and final approval of $368,664.80 in compensation for legal services rendered by F&P to Ronald R. Peterson, not individually, but solely as the chapter 7 trustee (the "*Trustee*") of the above-captioned debtor incurred from January 10, 2011 through June 24, 2014 (the "*Final Fee Application Period*"), and reimbursement of $20,405.69 for actual and necessary expenses incurred by F&P during the Final Fee Application Period; and (b) authorizing and directing the Trustee to make payment to F&P in the amount of $124,441.22, representing compensation and expenses requested by F&P for January 10, 2011 through June 24, 2014, representing all unpaid compensation and expenses incurred on behalf of the Trustee.   In support of the Final Fee Application, F&P states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States

District Court for the Northern District of Illinois. This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2.     The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of the title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## **BACKGROUND**

3.     On October 5, 2010 (the "*Petition Date*"), Agri-Best Holdings, LLC and its affiliate, Agri-Best Properties, LLC, each filed a voluntary petition in this Court under chapter 11 of the Bankruptcy Code.

4.     On December 1, 2010 (the "*Conversion Date*"), the Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code. On December 6, 2010, the Trustee was appointed as the chapter 7 trustee of the Debtor's estate.

5.     On March 1, 2011, F&P filed its *Application of Trustee to Employ and Retain Freeborn & Peters LLP as Special Counsel Pursuant to 11 U.S.C. § 327(a)* (the "*Retention Application*").

6.     On March 30, 2011, this Court entered an order granting the Retention Application, and approving the employment of F&P as special counsel to the Trustee, effective as of January 10, 2011 (the "*Retention Order*").

7.     Pursuant to the Retention Order, F&P's representation as special counsel to the Trustee included the following:

(a)  Investigation and prosecution of potential claims and causes of action against Wells Fargo Bank, N.A. ("*Wells Fargo*") and Advantage Capital Community Development Fund XXV ("*Advantage*"), the pre-petition secured lenders of the Debtor;

(b)  Investigation and prosecution of potential claims and causes of action against the Debtor's officers, directors and principals for: (1) pre-petition conduct that caused or hastened the Debtor's bankruptcy filing or caused damage to the Debtor's unsecured creditors; (2) transfers avoidable under chapter 5 of the Bankruptcy Code;

(c)  Investigation and prosecution of claims and causes of action against other third party non-insiders, including (1) chapter 5 avoidance actions and (2) claims related to the June 2010 Advantage financing transaction; and

(d)  Any and all other litigation tasks requested by the Trustee.

8.  F&P's representation of the Trustee is compensable on a blended hourly and contingency basis, based on the following guidelines, which were set forth in the Retention Application and approved by this Court.

Investigation of Claims (Excluding Avoidance Actions)

9.  The Retention Order provides that for the tasks of investigating claims against (1) Wells Fargo and Advantage, (2) insider claims (excluding avoidance actions) and (3) claims related to the Advantage transaction (collectively, "*Claims Investigation*"), F&P will charge its normal hourly rates, less a ten percent (10%) discount. However, to the extent that the Debtor's estate holds cash insufficient to compensate F&P for its fees at the time of approval, F&P shall be entitled to receive payment from litigation recoveries on a first-priority basis, *pari passu* with contingency fee payments.

Prosecution of Claims (Including Avoidance Actions)

10.  The Retention Order provides that for the tasks of prosecuting claims against Wells Fargo and Advantage, prosecuting insider claims (including avoidance actions), prosecuting claims related to the Advantage transaction and prosecuting non-insider avoidance

3

actions (collectively, th "*Avoidance Actions*"), F&P shall charge a flat billing rate of $200/hour

for all attorneys and paraprofessionals rendering services in connection with the Actions (the

"*Hourly Rate*").  In addition, F&P shall be entitled to fifteen percent (15%) of all recoveries

resulting from the Avoidance Actions (the "*Contingency Fee*"), but the Hourly Rate plus the

Contingency Fee shall be capped at one-third (1/3) of the aggregate recoveries from the Actions.

With respect to the Avoidance Actions, the Contingency Fee will be paid whether recovery

results from settlement prior to the filing of an adversary complaint, by settlement after the filing

of an adversary complaint, or pursuant to a judgment entered by the Court in the Trustee's favor.

The Hourly Rate shall be payable regardless of the resolution of the Avoidance Actions, but shall

only be payable upon order of the Court, and to the extent that the Debtor's estate holds cash

insufficient to compensate F&P for the Hourly Rate at the time of approval, F&P shall be

entitled to receive payment from litigation recoveries on a first-priority basis, *pari passu* with

Contingency Fee payments.

### PRIOR FEE APPLICATIONS OF F&P

11.     On October 30, 2012, F&P filed its *First Interim Fee Application of Freeborn &*

*Peters LLP as Special Counsel to the Chapter 7 Trustee* (the "*First Interim Fee Application*"),

pursuant to which it sought interim approval and payment of (1) $80,519.55 in fees related to

Claims Investigation; and (2) $72,560.91 in fees and $16,417.82 in expenses related to the

Avoidance Actions, for a total of $169,498.28.  On November 20, 2012, the Court granted the

First Interim Fee Application, allowing F&P, on an interim basis, compensation in the aggregate

amount of $153,080.46 and expenses in the amount of $15,925.36, for a total of $169,005.82.

12.     On April 1, 2013, F&P filed its *Second Interim Fee Application of Freeborn &*

*Peters LLP as Special Counsel to the Chapter 7 Trustee* (the "*Second Interim Fee Application*),

pursuant to which it sought interim approval and payment of (1) $4,040.10 in fees related to

Claims Investigation; (2) $113,956.46 in Hourly Rate and Contingency Fee compensation; and

(3) reimbursement of expenses in the amount of $758.97.  On April 23, 2013, the Court granted

the Second Interim Fee Application, allowing F&P, on an interim basis, compensation in the

aggregate amount of $117,996.56 and expenses in the amount of $758.97 for a total of

$118,755.53.

13.    As of the date of this Final Fee Application, F&P has received $287,761.35 on

account of the interim fee applications.

**RELIEF REQUESTED**

14.    F&P rendered services on behalf of the Trustee from January 10, 2011 through

June 24, 2014 (the "*Final Application Period*"), for which F&P seeks final approval of fees and

expenses related to Claims Investigation, as well as final approval of fees and expenses related to

the Avoidance Actions.  For the Final Application Period, F&P seeks approval of: (a) $90,664.80

in fees related to Claims Investigation; (b) $277,980.00 in fees related to the Avoidance Actions,

and (c) reimbursable $20,405.69 expenses in the amount of  for a total of $389,070.49.

15.    The total amount of compensation sought and not yet reviewed by this court in the

First Interim Fee Application or Second Interim Fee Application, specifically for the period

March 1, 2013 through June 24, 2014, is $6,319.35 related to Claims Investigation, $68,460.00

in fees related to Avoidance Actions, and $527.04 in reimbursable expenses  for a total of

$75,306.39.  A summary of the compensation requested for this period is set forth below:

**A.    Claims Investigation**

16.    During the Final Fee Application Period, F&P attorneys and paraprofessionals

billed 271.30 hours on Claims Investigation, in the aggregate amount of $90,664.80.  Detailed

Claims Investigation time entries for the services rendered by F&P attorneys and paraprofessionals during for the interim period are attached hereto as *Exhibit A*.[1]

17.     A summary of the Claims Investigation compensation requested for the Final Fee Application Period by each of the F&P attorneys and paraprofessionals rendering services in respect thereof is set forth below:

| Timekeeper | Title | Year of Illinois Bar Admission | Total Hours | Total Compensation Requested |
|---|---|---|---|---|
| Brandess, Michael A. | Associate | 2009 | 12.30 | $2,853.60 |
| Eggert, Devon J. | Partner | 2006 | 81.30 | $23,057.10 |
| Fawkes, Thomas R. | Partner | 2002 | 49.40 | $22,496.40 |
| Hammer, Aaron | Partner | 1997 | 2.0 | $1,125.00 |
| Hazdra, Jacqueline E. | Paralegal | N/A | 11.6 | $2,169.00 |
| Jackiw, Brian J. | Associate | 2008 | 4.8 | $1,317.60 |
| Janczak, Elizabeth L. | Associate | 2010 | 57.6 | $13,412.25 |
| Lauter, Richard S. | Partner | 1982 | 43.8 | $22,911.30 |
| O'Brien, Michael | Litigation Technology | N/A | 0.5 | $105.75 |
| Shalvoy, Christopher | Intern | 2011 | 3.4 | $306.00 |
| Sheldon, Kathryn | Paralegal | N/A | 4.6 | $910.80 |
| | | **TOTALS:** | **271.30** | **$90,664.80** |
| | | **BLENDED RATE:** | | **$334.19** |

## B.     Preference Actions

Hourly Rate Compensation

18.     During the Final Fee Application Period, F&P attorneys and paraprofessionals billed 1,389.90 hours on the Avoidance Actions, resulting in Hourly Rate fees totaling $277,980.00.  Detailed Hourly Rate time entries for the services rendered by F&P professionals and paraprofessionals for the interim period are attached hereto as *Exhibit B*.

---

[1] F&P incorporates by reference the billing statements attached to the prior interim fee applications.  *See* ECF Nos. 490 & 660.

19.     A summary of the Hourly Rate compensation requested for the Final Fee Application Period by each of the F&P professionals and paraprofessionals rendering services in respect of the Avoidance Actions is set forth below:

| Timekeeper | Title | Year of Illinois Bar Admission | Total Hours | Total Compensation Requested |
|---|---|---|---|---|
| Brandess, Michael A. | Associate | 2009 | 20.60 | $4,120.00 |
| Eggert, Devon J. | Partner | 2006 | 61.40 | $12,280.00 |
| Fawkes, Thomas R. | Partner | 2002 | 172.60 | $34,520.00 |
| Fishman, F. Scott | Intelligence Director | N/A | 1.0 | $200.00 |
| Hammer, Aaron | Partner | 1997 | 0.3 | $60.00 |
| Hartmann, Steven | Partner | 1983 | 64.0 | $12,800.00 |
| Hazdra, Jacqueline E. | Paralegal | N/A | 249.60 | $49,920.00 |
| Jackiw, Brian J. | Associate | 2008 | 378.90 | $75,780.00 |
| Janczak, Elizabeth L. | Associate | 2010 | 279.30 | $55,860.00 |
| Lauter, Richard S. | Partner | 1982 | 66.80 | $13,360.00 |
| Morris, Wendy E. | Associate | 2003 | 10.1 | $2,020.00 |
| Schiller, Alex | Litigation Technology | N/A | 9.5 | $1,900.00 |
| Shalvoy, Christopher | Associate | 2011 | 4.5 | $900.00 |
| Sheldon, Kathryn | Paralegal | N/A | 69.6 | $13,920.00 |
| Stedel, Eric | Litigation Technology | N/A | 1.0 | $200.00 |
| Swano, Amy | Litigation Technology | N/A | 0.7 | $140.00 |
| | | TOTALS: | 1389.90 | $277,980.00 |
| | | BLENDED RATE: | | $334.19 |

Contingency Fee Compensation

20.     During the Final Fee Application Period, F&P has recovered $362,000 on account of the Avoidance Actions (the "*Collections*").[2]  Accordingly, F&P is entitled to Contingency Fee

---

[2]     During the unbilled period of March 1, 2013 through June 24, 2014, F&P recovered $362,000 on account of the Avoidance Actions, resulting in Contingency Fee Compensation of $54,300.00.

compensation during the Application Period in the amount of $54,300.00, representing fifteen percent (15%) of the Collections.

Total Avoidance Actions Compensation

21.   Pursuant to the Amended Retention Order, F&P's total fees are equal to the fees incurred in connection with the Avoidance Actions plus fifteen percent (15%) of the Collections; provided, however, that such amount shall not exceed one-third of the Collections. Accordingly, F&P's compensation can be calculated as follows:

| | |
|---|---|
| Aggregate Recoveries from Inception | $921,552.12 |
| Hourly Rate Compensation | $277,980.00 |
| | |
| Potential Compensation (Hourly Rate Compensation + 15% Recoveries) | $416,208.32 |
| Cap on Compensation = 1/3 of Recoveries | $304,112.20 |
| LESS:   Compensation from First Interim Fee Application and Second Interim Fee Application | $186,517.37 |
| | |
| **Compensation** | **$117,594.83** |

## DISCUSSION

22.   Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . .  In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

23.   The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986).  Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation.  It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner.  On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

24.    In reviewing the Final Fee Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price.  It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . .  Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.").  Further, the fees charged by F&P for avoidance action and receivables collection are less than normal rates.  The compensation methods provided for in the Retention Order are an incentive for F&P to work efficiently while achieving the greatest recovery for the estate.

25.     In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

26.     The Court should also consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by F&P's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

27.     No agreement or understanding exists between F&P and any other person for the sharing of compensation received or to be received in connection with this chapter 7 case, other than as disclosed or authorized pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

28.     F&P reserves the right to correct, amend, or supplement this Final Fee Application, including, without limitation, to seek payment in the event this Final Fee Application is not approved in full.

<u>**SERVICES RENDERED AND RESULTS ACHIEVED**</u>

**A.     Claims Investigation**

29.     During the Final Fee Application Period, F&P rendered a variety of services in respect of Claims Investigation, which are described in more detail below.

30.    Upon its retention, F&P undertook a detailed investigation of potential claims and causes of action that may be held by the estate against Advantage and Wells Fargo, the pre-petition secured lenders to the Debtor.  This investigation involved:  (1) the review of thousands of pages of documents obtained from the Debtor and third parties related to (a) the June, 2010 recapitalization of the Debtor by Advantage; (b) actions taken by Wells Fargo against the Debtor prior to and following the Advantage recapitalization; and (c) the events leading up to the Debtor's bankruptcy filing; (2) interviews and correspondence with Wells Fargo, Advantage, their respective counsel and other knowledgeable parties concerning the foregoing; and (3) extensive legal research concerning potential estate claims, evaluation of such claims under applicable bankruptcy and non-bankruptcy law and the merits thereof.  F&P's investigation culminated in a detailed report to the Trustee concerning the sufficiency of claims against these parties and known evidence supporting such claims.

31.    As a result of these investigation efforts, and after protracted discussions between F&P and the Trustee, the Trustee elected not to pursue claims against Wells Fargo, but did authorize F&P to draft and file an adversary complaint against Advantage, seeking the avoidance and recovery of millions of dollars of pre- and post-petition transfers to Advantage.

## B.    Avoidance Actions

32.    During the Final Fee Application Period, F&P rendered a variety of services in respect of the Avoidance Actions, which are described in more detail below.

33.    Upon its retention, F&P undertook an extensive review of each of the transfers made by the Debtor to non-insider creditors in the 90-day period preceding the Petition Date, as well as transfer to insider creditors in the 1-year period preceding the Petition Date.  After analyzing potential defenses that may be raised by recipients of preferential transfers, F&P issued demand letters to approximately 80 recipients, seeking the turnover of such transfers and

inviting recipients to provide evidence of defenses in order to promote settlements short of litigation. These demand letters resulted in multiple settlements, and in certain cases, recipients provided sufficient evidence of complete defenses such that the Trustee elected not to engage in further litigation activities.

34.     Thereafter, F&P filed 56 adversary complaints in this Court, seeking avoidance and recovery of preferential transfers under sections 547 and 550 of the Bankruptcy Code (the "*Preference Complaints*"). At this time, all of the Preference Complaints have been settled or voluntarily dismissed.

35.     Since filing the Preference Complaints and the Advantage action, F&P's attorneys and paraprofessionals have corresponded with the vast majority of the defendants and their counsel, have collected and reviewed documents and analyses concerning the defendants' asserted defenses, and engaged in written discovery practice. These efforts have resulted in settlements of almost every action filed by the Trustee, and substantial settlement payments for the benefit of the estate and creditors.

36.     In addition, F&P obtained default judgments against eight (8) defendants that did not timely answer or otherwise plead in response to the Trustee's complaints. The aggregate amount of these default judgments exceeds $450,000.

37.     Additionally, based on the investigation efforts described above, F&P filed an adversary complaint against Advantage, seeking, *inter alia*, the recharacterization of its secured claims to equity and the recovery of certain post-petition payments made by the estate to Advantage following this disposition of a substantial portion of the Debtor's processing equipment. Advantage filed a motion to dismiss the complaint filed by the Trustee, which was briefed by the parties and ultimately denied. The Trustee and Advantage attended mediation in

12

late-November 2013 which ultimately resulted in a settlement of $350,000 which was approved

by this Court on February 5, 2014.  *See* ECF No. 688.

38.     To date, F&P has recovered $921,552.12 on behalf of the estate, as set forth in the

below summary:

| Date Received | Transferee | Demand Amount | Settlement Amount | Amount Collected |
|---|---|---|---|---|
| 3/6/2013 | 4220 Kildare LLC | $704,228.75 | $5,000.00 | $5,000.00 |
| 4/16/2012 | All American Chemical Co., Inc. | $103,397.55 | $4,000.00 | $4,000.00 |
| 9/12/2012 | Antler Trucking Co. | $46,310.46 | $13,849.03 | $13,849.03 |
| 8/10/2012 | Budreck Truck Lines, Inc. | $31,983.40 | $2,500.00 | $2,500.00 |
| 8/24/2012 | Bunzl Distribution Midcentral, Inc. and Bunzl Processor Distribution, LLC | $22,293.79 | $8,000.00 | $8,000.00 |
| 4/26/2012 | CalFirst Leasing Corp. | $76,144.82 | $5,025.68 | $5,025.68 |
| 11/27/2012 | Central Beef Ind., LLC | $509,261.61 | $6,500.00 | $6,500.00 |
| 11/20/2012 | Cintas Corporation | $25,621.43 | $5,000.00 | $5,000.00 |
| 9/26/2012 | K2D, Inc., d/b/a Colorado Premium Foods | $602,622.26 | $50,000.00 | $50,000.00 |
| 9/28/2012 | Continental Carbonic Products, Inc. | $29,208.92 | $5,000.00 | $5,000.00 |
| 11/15/2012 | Creekstone Farms Premium Beef, LLC | $587,974.27 | $2,500.00 | $2,500.00 |
| 8/9/2012 | Deco Labels & Tags Ltd. | $82,144.72 | $14,000.00 | $14,000.00 |
| 1/18/2013; 2/15/2013 | Destiny Transportation | $72,390.99 | $16,000.00 | $16,000.00 |
| 8/1/2012 | DMH Ingredients, Inc. | $7,444.80 | $2,000.00 | $2,000.00 |
| 12/14/2012 | DonLevy Laboratories, Inc. | $25,957.20 | $3,000.00 | $3,000.00 |
| 1/7/2013 | Eastern Meat Solutions Inc. | $95,786.80 | $17,500.00 | $17,500.00 |
| 1/25/2013 | Economy Packing Company | $951,047.26 | $34,170.00 | $34,170.00 |
| 12/7/2012 | Farmington Foods, Inc. | $443,443.36 | $5,000.00 | $5,000.00 |
| 7/30/2012 | Formax, Inc. | $11,992.02 | $1,800.00 | $1,800.00 |
| 2/15/2013 | Home Depot Credit Services d/b/a Home Depot U.S.A., Inc. | $21,982.86 | $2,100.00 | $2,100.00 |
| 4/30/2012 | Hovus, Inc. | $20,626.94 | $3,992.32 | $3,992.32 |
| 11/19/2012 | Infinity Service Management LLC | $189,633.97 | $3,500.00 | $3,500.00 |
| 7/30/2012 | J&B Wholesale Distributing, Inc. d/b/a J&B Group | $959,347.04 | $80,000.00 | $80,000.00 |
| 11/27/2012 | Jason's Foods, Inc. | $200,445.20 | $4,000.00 | $4,000.00 |
| 3/15/2013 | JBS USA, LLC d/b/a Swift Brands Company and JBS Packerland, Inc. | $917,336.75 | $38,000.00 | $38,000.00 |
| 4/3/2012 | Koch Equipment LLC n/k/a UltraSource LLC | $8,689.30 | $2,500.00 | $2,500.00 |
| 1/24/2013 | KWA Inc. | $171,299.00 | $10,000.00 | $10,000.00 |
| 12/11/2012 | Kwikmen Trucking, Inc. | $89,518.58 | $5,000.00 | $5,000.00 |
| 11/6/2012; 11/30/2012; 1/3/2013 | Main Course FoodSolutions, Inc. | $10,864.01 | $7,200.00 | $7,200.00 |
| 11/1/2012 | Market Day Corporation | $42,441.87 | $1,500.00 | $1,500.00 |
| 2/5/2013 | Marquette Transportation Finance, Inc. | $28,987.78 | $2,500.00 | $2,500.00 |
| 1/30/2013 | Mc Cook Cold Storage Corporation | $38,137.52 | $8,000.00 | $8,000.00 |

| | | | | |
|---|---|---|---|---|
| 4/2/2012 | Motion Industries, Inc. | $13,297.85 | $5,000.00 | $5,000.00 |
| 8/23/2012 | Multivac Inc. | $12,870.98 | $2,000.00 | $2,000.00 |
| 1/29/2012 | Newly Weds Foods, Inc. | $21,885.57 | $1,500.00 | $1,500.00 |
| 1/28/2013; 3/5/2013 | Phil-Mart Transportation, Inc. | $10,335.00 | $5,000.00 | $5,000.00 |
| 10/24/2012 | Precision Foods, Inc. | $10,157.13 | $1,778.40 | $1,778.40 |
| 9/17/2012 | RCH Enterprises, Inc. | $248,033.32 | $8,515.69 | $8,515.69 |
| 7/27/2012 | RFX, Inc. | $10,964.68 | $3,000.00 | $3,000.00 |
| 1/18/2013 | Robert Reiser & Co., Inc. | $28,891.62 | $3,200.00 | $3,200.00 |
| 5/3/2012 | Roll & Roll Metal Fabricators Inc. | $9,459.44 | $6,500.00 | $6,500.00 |
| 1/4/2013 | Sherwood Food Distributors, LLC | $120,292.58 | $2,000.00 | $2,000.00 |
| 1/24/2013 | Tyson Fresh Meats, Inc. | $1,409,279.70 | $32,500.00 | $32,500.00 |
| 2/13/2013 | UFCW Local 1546 Health and Welfare Fund | $213,180.00 | $106,172.00 | $106,172.00 |
| 12/11/2012 | Wixon Inc. | $14,519.90 | $6,749.00 | $6,749.00 |
| 11/19/2012 | Wolverine Packing Co. | $149,786.12 | $1,000.00 | $1,000.00 |
| 2/19/2013 | XL Four Star Beef Inc. | $1,127,402.71 | $17,500.00 | $17,500.00 |
| 3/12/2014 | Advantage Capital Community Development Fund XXV, LLC | $3,018,222.57 | $350,000.00 | $350,000.00 |
| **TOTAL** | | | ***$921,552.12*** | ***$921,552.12*** |

## **EXPENSES**

39.     During the Final Fee Application Period, F&P incurred expenses in the amount of $20,405.69 (the "*Expenses*").  These Expenses were necessary for the F&P to carry out its duties; namely, the preparation, filing and continued prosecution of the Preference Actions and the Advantage Complaint.  For the March 1, 2013 to June 24, 2014 interim period the details concerning the Expenses are incorporated in the invoices attached to this Final Fee Application as *Exhibit B*.  The Expenses for the interim period are discussed below:

(a)     Photocopying and Outside Vendor Charges:  F&P incurred copying and outside vendor charges in the amount of $325.20.  F&P charges clients $0.10 per page and maintains a record of in-house copies made through a computerized system.  This procedure requires an operator to key in a client's code number on a keypad attached to the copier.  For large projects, F&P uses outside copy and related services for purposes of efficiency and charges amounts actually incurred.  No outside vendors were used for the copy expenses sought in this Application.

14

(b)     <u>Local Transportation</u>:   F&P incurred expenses in the amount of $33.00 relating to taxi cab transportation traveling to and from conferences with the Trustee and to and from mediation with Advantage.

(c)     <u>Local Messenger Delivery</u>:   F&P incurred expenses in the amount of $24.20 in connection with service of discovery upon Advantage.

(d)     <u>Travel Expense</u>:   F&P incurred expenses in the amount of $25.00 in charges relating to travel for the Advantage litigation.

(e)     <u>Teleconferencing Expenses</u>:   F&P incurred expenses in the amount of $1.15 for teleconferencing fees.

(f)     <u>Transcript Fees</u>:   F&P incurred expenses in the amount of $56.00 relating to transcript fees for the hearing on the motion to dismiss in the Advantage litigation.

(g)     <u>Meal and Conference Expenses</u>:   F&P incurred expenses in the amount of $62.49 for meal expenses where F&P attorneys met with the Trustee regarding litigation strategy.

40.     All expenses incurred by F&P in connection with its representation of the Trustee were ordinary and necessary expenses.  All expenses billed to the Trustee were billed in the same manner as F&P bills non-bankruptcy clients.

41.     F&P does not bill its clients or seek compensation in this Final Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions.  Such expenses are factored into F&P's hourly rates.  F&P has not included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

## BENEFIT TO THE ESTATES

42.     As noted above, during the Application Period, F&P's services in respect of the Avoidance Actions resulted in the recovery of $921,552.12, with the recovery to the estates, net of all compensation requested herein, to total $610,563.53.  F&P therefore submits that its efforts have resulted in a significant benefit to this estate.

## NOTICE

43.     Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of this Application has been provided to:  (a) the Trustee; (b) the Office of the United States Trustee; and (c) all parties who have filed a request to receive notice pursuant to Bankruptcy Rule 2002. The Trustee requests that the Court approve the limited notice provided herein and find that no other or further notice is required under the circumstances.

**WHEREFORE**, F&P respectfully requests that the Court enter an order:

(a)     allowing F&P, on a final basis, $90,664.80 in Claims Investigation compensation for the Application Period as chapter 7 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b)     allowing F&P, on a final basis, $277,980.00 in Hourly Rate and Contingency Fee compensation for the Final Fee Application Period as chapter 7 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c)     allowing F&P, on a final basis, $20,405.69 in Expenses during the Final Fee Application Period as chapter 7 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(d)     authorizing and directing payment to F&P of $6,319.35 in compensation for Claims Investigation services rendered by F&P to the Trustee, representing all unpaid amounts owing to F&P for Claims Investigations on account of the Final Fee Application;

16

(e)     authorizing and directing payment to F&P of $117,594.83 in compensation for Avoidance Action services rendered by F&P to the Trustee, representing all unpaid amounts owing to F&P for Avoidance Actions on account of the Final Fee Application;

(f)     authorizing and directing payment to F&P of $527.04 for Expenses during the Final Fee Application Period, representing all unpaid amounts owing to F&P for Expenses on account of the Final Fee Application;

(e)     approving the limited notice requested herein; and

(f)     granting such other and further relief as the Court deems just and proper.


Dated:  June 24, 2014                    **FREEBORN & PETERS LLP**


                                    By:        /s/ Thomas R. Fawkes
                                         Richard S. Lauter (No. 6182859)
                                         Thomas R. Fawkes (No. 6277451)
                                         FREEBORN & PETERS LLP
                                         311 South Wacker Drive, Suite 3000
                                         Chicago, Illinois 60606
                                         Telephone:  312.360.6000
                                         Facsimile:   312.360.6520

17